AYRES, Judge.
This is an action for the recovery of an unpaid balance on a promissory note together with recognition of a vendor’s lien and chattel mortgage on a Buick automobile. A defense is there was a want or lack of consideration for the note inasmuch as defendant had never been furnished with a certificate of title to the automobile.
The position of plaintiff is that it is a holder of the note in due course, that is, that it acquired the note for a valid consideration, before maturity or default, without notice or knowledge of any infirmity therein or of any equities existing between the maker and the original payee of the note.
After trial, plaintiff’s demands were rejected and it appeals.
Assigned as errors were the action of the trial court (1) in holding that plaintiff was not a holder of the note in due course and (2) in requiring that plaintiff guarantee title to the automobile which through a chattel mortgage or other device served as security for the payment of the note.
Under date of September 27, 1965, defendant purchased from Shipp Chevrolet Buick, Inc., a described automobile for *327 which he paid $600.00 cash and gave his note for $1,698.24, payable in 24 consecutive monthly installments of $70.76 each, secured by a vendor’s lien and chattel mortgage on the automobile. Defendant, at the time of the purchase and for several months prior thereto, was an employee of the vendor. The note, together with the security, was acquired by plaintiff September 30, 1965, through purchase and the endorsement of Shipp Chevrolet Buick, Inc. Payment for the note was made by plaintiff’s check.
However, neither plaintiff nor defendant was furnished with a certificate of title to the car. On several occasions defendant made inquiry of his employer as to the title to the car without success, the employer merely stating he “had not gotten around to it.” Plaintiff likewise made inquiries of Shipp Chevrolet Buick, Inc., as to the title certificate, likewise, without success.
Without a title, defendant was unable to secure a license for his automobile. He made six payments and was then obliged to discontinue the operation of the car for lack of a license plate. Two additional payments were made thereafter, after which defendant discontinued all payments and this suit followed.
The note is complete and regular upon its face, and the evidence establishes that plaintiff became its holder in good faith and for value before it was overdue and without notice of any prior dishonor. Thus, plaintiff is the holder in due course and not subject to or charged with any equity which may exist between the original parties to the note unless, at the time it was negotiated to it, it had notice or actual knowledge of an infirmity in the instrument or a defect in the title of the person negotiating it. LSA-R.S. 7:52.
To prevent an owner of a negotiable instrument from being a holder in due course, the statute (LSA-R.S. 7:56) requires that:
“* * * the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith.”
Defendant, however, contends in effect that the negotiation whereby plaintiff acquired the note from Shipp Chevrolet Buick, Inc., was never complete and would not have been complete until the certificate of title to the automobile had been provided; and that plaintiff, having acquired, in the meantime, actual knowledge that defendant had not been provided with a certificate of title evidencing a completed sale of the car, knew that the note had been executed without consideration. Cited in support of this proposition is General Motors Acceptance Corp. v. Daigle, 225 La. 123, 72 So.2d 319 (1954). There it was held, under the provisions of the Negotiable Instruments Act (LSA-R.S. 7:52), to which we have already referred, a purchaser is not a holder in due course until the transaction is complete, and that the transaction was not complete until receipt of the certificate of title to the automobile involved. Cited as supporting the latter portion of the statement is the Vehicle Certificate of Title law, LSA-R.S. 32:706. There it was declared that “no person buying a vehicle from the owner thereof, whether such owner be a dealer or otherwise, hereafter shall acquire a marketable title in or to said vehicle until the purchaser shall have obtained a certificate of title to said vehicle.”
This court, in General Contract Corporation v. Wigington, 81 So.2d 148, 151 (1955), followed the holding in General Motors Acceptance Corp. v. Daigle, supra, and, after quoting from the Negotiable Instruments Act (LSA-R.S. 7:52), stated:
“Under the section above quoted, a purchaser of a negotiable instrument is not a holder in due course until the transaction is complete. Certainly the sale to defendant was not complete until he was invested with title to the automobile.”
While it would thus appear, as between the maker and the original payee of the *328 note, defendant would have a perfect defense predicated upon a want or lack of consideration for the note, the question, however, is whether or not plaintiff under the facts of this case and in view of the present provisions of the Vehicle Certificate of Title law, is a holder of the note in due course. By Act 228 of 1954, the Legislature added a proviso to the original section (LSA-R.S. 32:706) to the effect “that neither the foregoing nor any other provisions of this Vehicle Certificate of Title Law shall be construed to have the effect of delaying, suspending, or preventing the negotiation of a note secured by a chattel mortgage on a vehicle from being complete until the purchaser shall have obtained a certificate of title to said vehicle, * *
Thus, by the clear and unambiguous language of the statute, the completion of a negotiation of a chattel mortgage note covering a motor vehicle is not suspended or held in abeyance and therefore rendered incomplete until the furnishing of a certificate of title. The implication is that the negotiation is complete- when, as in the negotiation of other negotiable instruments, title to the instrument passes. The negotiation of a negotiable instrument is governed by the Negotiable Instruments law and not by the Vehicle Certificate of Title law. Therefore, plaintiff, being without notice of any infirmity in the instrument or defect in the title of the person negotiating it, and without knowledge of any equity existing between the original parties thereto, when it acquired the note with the payee’s endorsement three days after its date, for a valid consideration, is a holder in due course. Its title and right to recover are thus unrestricted by any equity existing between the original parties.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now Ordered, Adjudged, and Decreed that plaintiff, Commercial Credit Corporation, have and recover judgment of and against the defendant, David M. Carter, for the full sum of $1,132.16 with interest thereon at the rate of 5% per annum from judicial demand, January 18, 1967, until paid, together with 25% additional on principle and interest as attorney’s fees and for all costs, including the cost of this appeal.
Reversed and rendered.