Statement of the Case.
NIOHOLLS, J.
On the 17th of September, 1900, Mrs. F. Gueringer executed a promissory note for $2,600, payable to her own order, and indorsed the same in blank. The note was payable one year after date, with 8 per cent, per annum from date until paid, and secured by a second mortgage on the maker’s plantation in the parish of St. Bernard by act before B. J. Barnett, notary public. It was given in representation of $2,600 borrowed by the maker (Mrs. Gueringer) from her sister, Mrs. B. L. Theard. The note belonging to Mrs. Theard, was left, by her in the possession of Barnett, the notary, on deposit. On March 21, 1901, Barnett called on Mrs. Cleris, who held a promissory note of $2,000, executed by Mrs. Gueringer, secured by the first mortgage on her plantation, and offered to sell the $2,600 note to her for $2,000, informing her at the time that the note came from Mrs. Theard, the sister of Mrs. Gueringer, and that the latter had paid six hundred dollars upon it.
The offer was accepted, and the note delivered by Barnett to Mrs. Cleris. On or about the 21st of March,' 1902, Mrs. Cleris’ daughter called upon Barnett, and left the note with him for collection. From that time on until October, 1902, Barnett gave her various excuses for not collecting it, when he left New Orleans under circumstances such as to give rise to the belief that he had absconded. It appears that after he had obtained possession of the note from Mrs. Cleris, and after its maturity, he sold and delivered it to Aristide Marchal for $1,100. After Miss Cleris reached the conclusion that Barnett had absconded with the $2,600 note, she consulted counsel. Aristide Marchal, who is a relative of the Clerises, was present at the consultation, and it was then ascertained that the note had been sold to him, and was then in his possession. Becoming satisfied that he could not hold it as against Mrs. Cleris’ title, he surrendered it to her counsel.
Mrs. Theard, after advertising the loss of the $2,600 note, brought suit upon it, alleging it had been lost. She recovered a judgment upon it, and with recognition of a second mortgage upon the property. In the meantime Mrs. Gueringer sold the property to the New Orleans Terminal Company, which retained out of the purchase price sufficient money to meet the first and second mortgage notes.
Mrs. Theard issued a writ of fi. fa. upon *136 her judgment, and sued out garnishment process against the terminal company, claiming the benefit of the sum which had been retained. It thereupon filed a bill of inter-pleader, setting up the conflicting pretensions of Mrs. Theard and Mrs. Cleris to the ownership of the $2,600 note, and praying that they be cited to litigate among themselves the question of the ownership of the note. To this bill answers were filed by both parties, each claiming ownership of the note, and upon those pleadings the case was tried. Judgment was rendered by the district court rejecting the claim of Mrs. Cleris, and recognizing Mrs. Theard as owner of the note and entitled to the funds which had been deposited in the registry of the court to meet it. From this judgment Mrs. Cleris appealed.
Opinion.
The only parties before us having an interest in the fund deposited by the terminal company are the plaintiff, Mrs. Theard, on the one hand, and Mrs. Cleris on the other; Mrs. Gueringer’s counsel having declared in open court that she was not concerned in the present litigation.
The district judge, in deciding the case, declared that, under the view he took of it, an expression of opinion as to the veracity of the witnesses who testified in behalf of Mrs. Cleris was unnecessary.
The judgment was obviously based upon the legal proposition strenuously urged on the court that when Mrs. Cleris acquired the note of Mrs. Gueringer from Barnett he stated to her that “it came from Mrs. Theard, the sister of Mrs. Gueringer;” thus announcing to her that he was not acting on his own behalf as owner, but as an agent. This announcement placed upon her the'duty of ascertaining what authority the agent had in the premises.
That, had she taken this precaution, she would'have found that Barnett was without authority to dispose of the note, and that . Barnett,, by his own declaration or assumption of authority, did not justify Mrs. Cleris in accepting and acting upon it as true.
We may accept as true that the agency of a person cannot be established by the simple declaration of that person stating he was an agent, but in this ease there was something beyond the declaration itself. It was the fact that accompanying it was his possession, before maturity, of the promissory note of Mrs. Gueringer, indorsed by her, which he proposed to transfer. With that fact present, Mrs. Cleris was justified in dealing with Barnett in the matter of the sale of the note. Whether he was acting in his own behalf or as agent of some third party, he had all the indications of complete ownership or of complete authority of disposal of the note.
A person holding in his possession and -under his control, before maturity, a promissory note made to the order of the maker, and indorsed by her, may be presumed, as between that person and the public, the owner of the same, or as agent with full power to dispose of it. If the ‘party owning the note has intrusted it to an agent, he has created a trust by means of which fraud could be perpetrated. By placing the note in his hands, he has held out to the world that they could trust him, and thrown upon himself the burden of loss when they have acted on that inducement.
The mere possession of a negotiable note payable to the order of the payee, and indorsed by him in blank, or of a negotiable note payable to bearer, is in itself sufficient evidence of his right to present it, and to demand payment of it. The payment to such person will always be valid unless he is known to have acquired possession wrongfully. Vol. 1, Daniel’s Negotiable Instruments (4th Ed.) §§ 573, 843, 844; Russell v. Longstaffe, 2 Douglass, 514; Bank v. Neal, 22 How. 107, 16 L. Ed. 323; Davidson v. Lanier, *137 4 Wall. 457, 18 L. Ed. 377; Angle v. Insurance Co., 92 U. S. 330, 23 L. Ed. 556; Civ. Code La. art. 2145 (1).
The same rule applies to a transfer as well as to a payment of the note. Counsel of Mrs. Cleris questions the fact that the transfer of the note by Barnett' to Mrs. Cleris was made before maturity, but that fact is presumed when a note is found in the possession of a third person; and in this instance the fact is shown not alone by presumption, but by the direct testimony of Miss Cleris, which comes to us unimpeached. We are of the opinion that the conclusion reached by the district court that the note remained the property of Mrs. Theard notwithstanding its transfer by Barnett to Mrs. Cleris, by reason of the fact that the latter was without authority to sell it, is erroneous. We think the title passed to Mrs. Cleris although Barnett was guilty of breach of trust in disposing of it when he held it simply on deposit or for safe-keeping. McGregor v. Ball, 4 La. Ann. 289.
The rule that, where one of two innocent persons must suffer a loss, he who has so acted as to give occasion for the loss applies to this ease. Mrs. Theard, in order to avoid the risk of fire, assumed the risk of theft by the custodian in whose.possession and under whose control she placed the note. She herself placed it in Barnett’s hands. His original possession of it was lawful. But while we think under the circumstances of this case Mrs. Cleris acquired the note with its accessory mortgage as against Mrs. Theard, she acquired it free from equities only to the extent of $2,000, with interest thereon from March 21, 1901, up to the time of the deposit of the fund in dispute in 'court by the terminal company, with costs. It is established by testimony that Mrs. Cleris purchased the note as being a note which at the time of her purchase had been reduced by a payment of $600 upon it by Mrs. Gueringer.
Miss Cleris testified to the fact that at the time of the purchase by her mother Barnett so declared, and that there was at the time a paper attached to the note declaring the reduction. She testifies to the fact that the understanding was that her mother was purchasing a $2,000 mortgage note bearing interest. If she obtains that amount from the fund deposited and costs, she obtains all that she could rightfully expect. Her rights were not extended by the fact that the $600 partial payment had not been made upon it. There can be no doubt that, but for the. application of the principles of the commercial law applied, under the circumstances of this particular case the transfer or sale of this note would be the sale of the property of a third person, and a nullity. This being the case, the nullity extends in favor of Mrs. Theard to that portion of the proceeds of the sale of the property mortgaged which is over and'beyond that which Mrs. Cleris acquired, and under the rules of the commercial law and the rule of equity applied in this case. We attach no significance to the second transfer of the note by Barnett to Aristide Marchal, after he had obtained possession of it for a second time (the last time from Mrs. Cleris). It was then past due, and any one taking it from Barnett took it subject to the equities. Aristide Marchal acknowledged he acquired no title by his purchase from Barnett, and he surrendered it to Mrs. Cleris, as he was legally bound to. The latter did not acquire the note by “transfer” from him. It was given back to her as being already her own.
Eor the reasons assigned herein, it is ordered, adjudged, and decreed that the judgment of the district court herein appealed from be, and the same is hereby, annulled, avoided, and reversed,' and it is now ordered, adjudged, and decreed that Mrs. Joseph Cleris be, and she is hereby, recognized as owner of the note of $2,600 dated September 17, 1900, executed by Mrs. Gueringer to her *138 own order, and by her indorsed, secured by special mortgage referred to in the pleadings herein and set forth in the petition of intervention filed herein by the New Orleans Terminal Company, with 8 per cent, per annum interest thereon from 17th September, 1900, up to the 27th day of January, 1904, the date of the deposit by the said terminal company (in court) of the amount retained to meet the payment of said note, subject to a credit on March 21, 1901, of $600, and recognizing and decreeing that she take and receive by preference said amount, for which judgment is hereby rendered in her favor, and costs in both courts out of the funds so deposited in court by the said terminal company; and it is further ordered, adjudged, and decreed that Mrs. E. L. Theard is entitled to take and receive, and is hereby ordered, adjudged, and decreed to receive and take, the balance remaining out of said fund after-payment to Mrs. Cleris.