CONTINENTAL JEWELRY CO. v.
WEILBACHER

---

(July 1, 1931. Opinion and Decree.)

---

Milner & Porteous and F. Carter Johnson, of New Orleans, attorneys for plaintiff, appellant.

Arthur Landry, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff, a corporation of Cleveland, Ohio, engaged in the sale at wholesale of jewelry, through J. R. De Steigner, a salesman, obtained from defendant an order for jewelry totaling $276. The jewelry was delivered in due course, but, as the purchase price was not received by plaintiff, this suit is now brought for the recovery thereof. In defense to the suit it is contended that settlement was made by defendant with De Steigner; the said De Steigner having agreed to receive back some $200 worth of the jewelry, together with $45 in cash and a note due 60 days thereafter for the balance, to-wit, $31. Plaintiff contends that the said De Steigner had no authority to make any such settlement, that his authority was limited to the sale of merchandise, and that such settlement is not binding upon it.

It is contended on behalf of defendant that at the time of the sale De Steigner told defendant's agent that the jewelry could be returned if any difficulty was experienced in selling the same. This agreement, however, does not appear in the written contract of purchase, and, in view of the language of that contract, it appears to us that evidence tending to prove the making of the verbal agreement should not have been admitted. See Civil

Code, art. 2276; J. L. Mott Iron Works v. Renaud, 8 Orleans App. 144; Katz v. Karnofsky, No. 9614 Court of Appeal, Parish of Orleans, (unreported) [see Louisiana and Southern Digest].

The particular language in the contract of sale to which we refer is as follows:

"Salesman's authority is limited to taking orders on this form and no change or condition is binding unless in writing on the original order accepted by us at Cleveland, Ohio."

For several months after the receipt of the goods it is evident that defendant experienced difficulty in diposing thereof, and on or about January 5th, which was slightly over two months after the goods had been received, the said De Steiger called at the place of business of defendant, having in his possession a printed document which was sent him by plaintiff, giving him the information necessary to call on defendant in an effort to effect settlement of the claim. On this form defendant, through his agent, prevailed upon the said De Steiger to write the following:

"Jan. 5, 1928.
"Recd from F. E. Weilbacher on account #129 in full settlement (show case to remain his property) $200.00 two hundred dollars. Merchandise per invoice 333247 Cash ($45.00) forty five dollars and note of sixty days for $31.00.
"Continental Jewelry Co.
"By J. R. de Steigner."

It is contended that, inasmuch as De Steiger had this form in his possession, defendant was justified in assuming that he had been vested with authority to make any settlement which in his judgment might seem best, and that thus defendant was justified in making the settlement referred to. Plaintiff meets this contention with the argument that the salesman had no authority to do anything except sell goods and that this limitation appeared on the original order executed by defendant. In this situation, however, we do not believe that the original order can be taken into consideration because that had been fully executed, and when De Steigner, the agent, again called on defendant, it was in compliance with instructions from his employer, plaintiff, and he was apparently clothed with authority by reason of the document which he presented to defendant, and which to the layman was apparently instructions from his principal authorizing him to discuss the matter with defendant and to make some adjustment thereof.

It is true that one who deals with an agent does so at his peril. See Chaffe v. Stubbs, 37 La. Ann. 656; Wilder v. Wilder, 89 Ala. 414, 7 So. 767, 9 L. R. A. 97, 18 Am. St. Rep. 130; Mechem on Agency, section 289. But there is another principle which we find involved here, and that is that, where a loss is sustained and it must be placed on one of two innocent parties, he who has so acted as to lead the other into error must bear the loss.

The trial court found for defendant and dismissed the suit, and we think that no error was committed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed, at the cost of plaintiff and appellant.

JANVIER, J., takes no part.