78 So.2d 434 (1955)
Travis F. BEDSOLE
v.
J. W. LEE.
No. 3932.
Court of Appeal of Louisiana, First Circuit.
January 28, 1955.
Rehearing Denied March 28, 1955.
*435 Gordon B. Golsan, Jr., Mansfield, for appellant.
Broyles & Funderburk, Leesville, for appellee.
ELLIS, Judge.
Plaintiff has alleged that the defendant was indebted unto him in the full sum of $1927.02 for cash advances, materials, and supplies furnished in the total amount of $2429.66 which was subject to a credit of $501.64 "all as is shown by the itemized statement of the account attached hereto and filed herewith."
Plaintiff further alleged "That for the balance of this account due because of the sale by petitioner to the defendant, J. W. Lee, of the Poland Power Saw on November 7, 1952, petitioner has and claims and vendor's lien and privilege * * *".
He further alleged "That for the 1950 Ford truck, or rather the balance of this account due on account of its purchase from petitioner * * *" and in the next article with reference to this truck he alleged "* * * the said J. W. Lee, defendant herein, executed in favor of petitioner a chattel mortgage covering the truck as sold to him by petitioner herein and a paraphed note evidencing the obligation, and at the same time, as further security to petitioner, executed another chattel mortgage and note, covering another truck owned by the said J. W. Lee, defendant herein."
The notes and mortgages are attached to and filed with the petition. Plaintiff alleged that by virtue of the two mortgages and of the vendor's lien covering the power saw he has and claims a lien and privilege against the two trucks described and the power saw. Plaintiff then made the additional necessary allegation upon which to secure the sequestration of the two trucks and the power saw.
Defendant filed a motion to dissolve the writ which was overruled with reservation to claim damages on the merits. Defendant also filed before answering exceptions of vagueness and prematurity, both of which were overruled. There is also in the record on behalf of the defendant an exception of no right or cause of action, however there is nothing to show that it was ever officially filed and the minutes do not reflect that this exception was either filed or considered.
After trial judgment was rendered rejecting the plaintiff's demands and dissolving the writs of sequestration and decreeing the title to the 1950 Ford truck allegedly purchased by the defendant from the plaintiff to be in the plaintiff, and for that reason cancelling the two chattel mortgages and notes. Judgment was further rendered in favor of the defendant for $242.98 and in the further amount of $250 damages as attorney fees and in all other respects defendant's reconventional demand was rejected.
From this judgment the plaintiff has appealed and the defendant has answered asking that the judgment be amended by awarding damages for the wrongful issuance of the sequestration and asking that the attorney fees awarded be increased, and otherewise asking the affirmance of the judgment.
The defendant is not re-urging any of its exceptions and it is not necessary therefore *436 that they be considered. The Lower Court in its written reasons aptly stated that it "became convinced during the trial of the case, when trying to determine what testimony was admissible, under the pleadings, that the exception of vagueness should have been maintained." When we take into consideration the entire record, that is, all the pleadings and attached documents and the testimony that was admitted or should have been admitted, the original vagueness becomes insignificant and the record is sufficient for a proper decision of the issues.
Plaintiff's suit is not for advances and materials and supplies furnished alone but from reading the petition and the attached documents which consists of two chattel mortgages, two notes and an itemized statement, plaintiff's demand is for the purchase price of a 1950 Ford truck upon which a chattel mortgage was given by the defendant to the plaintiff in the sum of $1,700 with interest and insurance in the amount of $136, or $1,836, and for $75 advanced by plaintiff to defendant for repairs on the motor, and $160 for money given to the defendant to buy tires for the truck, and for $50 given to the defendant for repairs on the motor of one of the two trucks, in the sum of $50 given to the defendant to buy license for the 1950 Ford truck purchased by him from the plaintiff, and for the sum of $200 being the purchase price of a power saw bought by the defendant from the plaintiff, and $38.66 furnished to the defendant to pay for repairs on the saw and a loan of $20 made by the plaintiff to the defendant.
Plaintiff was given a chattel mortgage against a 1949 truck which the defendant owned on the date of the purchase of the 1950 Ford truck from the plaintiff in the amount of $650 as additional security.
The main defense in this suit is that there was no valid contract of sale insofar as the 1950 Ford truck was concerned for at least three reasons; viz.:
"1. There was no definite agreement (no meeting of the minds.)
2. The price was not certain.
3. The sale contained a potestative condition."
Defendant cites Article 2439 which defines a sale, as follows:
"The contract of sale is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself.
"Three circumstances concur to the perfection of the contract, to wit: The thing sold, the price and the consent."
Counsel for defendant argues that, under the testimony, the plaintiff never intended to sell defendant the vehicle because he retained the title certificate and failed to effect a transfer of the record ownership in accordance with LSA-R.S. 32:701 et seq. It is counsel's argument that this fact should be considered as evidence of the intention of the parties. Counsel for defendant has cited and taken cognizance of the recent decision of the Orleans Court of Appeal in the case of Transportation Equipment Company Inc., v. Dabdoub, La. App., 69 So.2d 640, 643, which held in part that failure to issue a title certificate and otherwise comply with the certificate of title law, supra, does not invalidate a sale of a motor vehicle where such sale has the necessary ingredients prescribed by the LSA-Civil Code, Article 2456, "but simply causes the title to be imperfect."
The facts with regard to the sale of the 1950 truck by plaintiff to defendant show that the defendant went with the plaintiff's assistant manager or superintendent to Mansfield, Louisiana where the plaintiff delivered him the 1950 Ford truck. The testimony conclusively shows that the plaintiff and defendant agreed upon the price of $1,700 and the defendant admits signing the chattel mortgage and the note which is in the amount of $1,836 and which is explained by Mr. Enloe, the superintendent, to consist of $1,700, the purchase price of the truck, and $136 which was interest and insurance and was included in the note and chattel mortgage.
*437 It is true that the plaintiff at that time held no certificate of title but when they obtained it counsel for plaintiff filled in the transfer and conveyance form on the back of the certificate to the defendant showing the consideration as $1,836. Much is made of the fact that the title certificate was not issued until January 5, 1953 and the conveyance on the back is dated October 23, 1952. This is insignificant insofar as the issues in this case are concerned, however, counsel for the plaintiff frankly testified that he dated the certificate back to what he believed to be the date of the sale of the truck to the defendant. There is no doubt under the testimony that all three circumstances required under Article 2439, supra, and 2456 were satisfied.
There is no merit in the third ground that the sale contained a potestative condition. Counsel for the defendant argues that as the defendant was employed by the plaintiff at the time the truck was sold to him and the evidence shows that the method of payment was to be $1 per cord deducted from each cord of pulpwood hauled by the defendant for the plaintiff, that there was no time limit for this payment nor any condition requiring the defendant to pay so much per month or per year or making the balance exigible should the employment cease for any reason, and it was therefore in the absolute power of plaintiff to discharge defendant at any time, and further, there was no condition in the agreement requiring the plaintiff to accept a sufficient number of cords of pulpwood to satisfy the debt and it was therefore within the power of the plaintiff to hinder or prevent the fulfillment of the contract. The note and chattel mortgage given to secure the purchase price of the 1950 Ford truck admittedly signed by the defendant is in a definite amount "Due in 18 monthly installments of $100 and one installment of $36. First installment due Nov. 23, and the balance at intervals of one month thereafter." It is true that defendant was to haul pulpwood for the plaintiff and from each cord delivered plaintiff was to deduct $1 and give defendant credit. The account and the evidence shows that defendant was credited with $178.43 for wood hauled at $1 per cord in 1952 and for $323.21 at $1 per cord for wood hauled in 1953, making a total of $501.64.
The verbal agreement between plaintiff and defendant with regard to the deduction of $1 from each cord of wood delivered to the plaintiff by the defendant was merely a method of payment and in no wise affected the terms of payment as shown by the note and chattel mortgage.
Counsel for the defendant contends that the sale of the 1950 Ford truck was a conditional sale, which is prohibited under our law. The District Court as shown by its written reasons substantially based its entire judgment upon such a holding and cited the case of Roy O. Martin Lumber Co. v. Sinclair, 220 La. 226, 56 So.2d 240, 241, in which the Supreme Court said in part:
"The judgment of the lower court dissolving the sequestration is correct. Conditional sales cannot be enforced as such in this state. It has been repeatedly held by this court that a so called conditional sale or a sale by which a vendee is unconditionally bound for the purchase price and the vendor is to remain the owner of the property until the price is paid cannot be countenanced under the laws of this state. * * *"
The District Court in its written reasons stated:
"There having been no valid sale of the 1950 Ford truck, the notes and mortgages given as security for the part of the account represented by the alleged purchase price of the truck, would naturally fall, since there was no principal obligation to secure thereby. The amount owed to defendant by plaintiff exceeding, at the time of the filing of the suit the amount owed by defendant to plaintiff, there was no indebtedness to secure, hence, the mortgages must fall. Since the basis of the sequestration of the 1950 Ford *438 truck was the lien resulting from the sale thereof, which sale the court has held invalid, the sequestration of that truck must be held to have improperly issued. Insofar as the sequestration of the 1949 truck is concerned, it must, likewise, be held to have improperly issued, for the reason that there was no indebtedness to secure by the mortgage on that truck, hence, no lien could exist by reason of an invalid mortgage."
In the Martin Lumber Co. case, supra, relied upon by the Lower Court, the plaintiff asked that the conditional sale be recognized as such and that he be decreed the owner of the property conditionally sold and also to recover the balance of the purchase price due. It is not apposite.
Article 2456 of our LSA-Civil Code states:
"The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid."
It is firmly established in our jurisprudence that where all the essential elements or conditions for an absolute sale are present in a contract between parties, the effects flowing legally from that contract follow, whether the parties foresaw and intended them or not, and though they may refer to the contract as an agreement to sell, or as a conditional sale. Byrd v. Cooper, 166 La. 402, 117 So. 441; Thomas v. Philip Werlein, 181 La. 104, 158 So. 635; Adams Machinery Company v. Newman, 107 La. 702, 32 So. 38; Barber Asphalt Paving Co. v. St. Louis Cypress Co., 121 La. 152, 46 So. 193.
Counsel for defendant contends that even should this court disagree with the trial court's ruling that the sale of the 1950 Ford truck was invalid, that there are other grounds to sustain the lower court's dissolution of the writ of sequestration. He argues that an examination of the two mortgages would show that neither was executed in strict compliance with LSA-R.S. 32:710, Par. B, thereof. This paragraph does not affect the transaction insofar as plaintiff and defendant are concerned. Counsel next argues that the record shows that the note and mortgage on the 1950 truck were executed on Oct. 23, 1952 and more than two months thereafter on January 5, 1953 the same vehicle was registered in the name of plaintiff as owner, and for this reason the chattel mortgage would have been extinguished by confusion under LSA-Civil Code Article 3411. This argument is answered by the Transportation Equipment Company v. Dabdoub case, supra. The sale was consummated on October 23, 1952. The plaintiff never re-acquired the truck.
Defendant contends that the second mortgage on the 1949 truck which was given as additional security for the purchase price of the 1950 truck was invalid "for improper execution and lack of principal obligation" in that the note up in the left hand corner was for $650 and in the body of the note it is stated: "* * * after date I promise to pay to the order of Travis F. Bedsole Seven Hundred Two and No/100 Dollars * * *" Further that the act of chattel mortgage gives the sum as "Six Hundred, Fifty and No/100 $650.00 Dollars * * *." This discrepancy is unimportant as plaintiff is not seeking any executory process but merely asking for a judgment with a recognition of his lien and privilege on the trucks and the power saw.
It is shown by the testimony of Enloe, the superintendent, that he handled this transaction and he frankly stated that the amount of the mortgage was $650 and that the $702 was placed in the note by virtue of the fact that interest was included which brought the amount from $650 to $702. However, they are asking recognition of their lien and privilege under this mortgage in the amount of $650.
*439 The plaintiff proved and the defendant admitted all other items sued for except he contended that the sum of $38.66 which the plaintiff advanced to him to pay for the repairs to the power saw was the responsibility of the plaintiff as the latter had agreed to repair the saw. The District Court allowed the plaintiff credit for this amount and on the record there is no manifest error.
Under LSA-Civil Code Articles 2163 and 2166, with regard to imputation of payments by debtor when he owes several debts, the sum of $501.64 retained, and therefore paid under the agreement to withhold $1 per cord to apply on the indebtedness, should be imputed to the debt which the defendant had "the most interest in discharging", namely, to the secured debt, which amounts to $1,836. This would leave a balance due upon which the plaintiff is entitled to a lien and privilege in the amount of $1334.36 as against the 1950 truck. This amount is also secured by a lien and privilege on the 1949 truck in the sum of $650.
It is therefore ordered the judgment of the District Court be reversed, and that there be judgment in favor of the plaintiff, Travis F. Bedsole, and against the defendant, J. W. Lee, in the full sum of $1927.02.
It is further ordered, adjudged and decreed that the writ of sequestration issued herein be maintained and that plaintiff's lien and privilege in the sum of $1334.36 upon the 1950 dark blue 2 ton Ford truck, Motor No. 984 T. H.-490223, and in the sum of $650.00, or such portion thereof as will extinguish the debt it secures, upon the 1949 Ford truck, 1½ ton, Motor and Serial No. 98 R48TH 176245, and plaintiff's lien and privilege upon one Poland Power Saw in the amount of $200, be recognized, and that the said described property be sold according to law and that plaintiff be paid interest, attorneys fees and costs by preference and priority over all other persons whomsoever.
It is further ordered that defendant pay all costs.