96 So.2d 477

**Bill FLATTE, doing business as Bill Flatte Motor Company,**

v.

**Curtis J. NICHOLS, doing business as Nichols Motor Company.**

No. 42692.

June 10, 1957.

Ogden & Woods, Charlton B. Ogden, II, New Orleans, Sidney Lee, Texarkana, Tex., for plaintiff-appellant.

Hayes, Harkey & Smith, Theus, Grisham, Davis & Leigh, Monroe, for defendant-appellee.

PONDER, Justice.

Plaintiff brought suit for the return of a 1951 Cadillac convertible, Motor No. 5162–99705, or judgment for its value being the sum of $4,375, with legal interest from judicial demand until paid. Plaintiff alleged that it is the owner of the automobile and that one Pat Murphy, through fraud and misrepresentation, took possession of the automobile and thereafter sold it to the defendant in Louisiana. Defendant answered alleging that the plantiff is estopped from demanding either the return of the car or the price thereof alleging that it was a bona fide purchaser in good faith. After trial on the merits, there was judgment dismissing the plaintiff's suit on the ground that the defendant's plea of estoppel was well founded in law and the plaintiff has appealed from this judgment.

The record shows that the automobile in question was purchased by W. A. Carley, a resident of Texas, on December 7, 1951 from Cargile Motor Company of Texarkana, Arkansas, and Carley was given a manufacturer's certificate. On the date of the purchase, Carley filed an application in Texas for a title certificate, attaching to the application the manufacturer's certificate, and obtained a Texas automobile license. Because his wife was dissatisfied with the car, Carley, on December 14, 1951, sold or traded the car to the plaintiff, Flatte Motor Company, a dealer in Texas. Carley delivered to Bill Flatte, the owner of Flatte Motor Company, the receipt for the Texas license, these being the only muniments of title which Carley possessed on the car. On the same day, December 14, 1951, Bill Flatte sold the car to Pat Murphy, a dealer in Cleveland, Mississippi, with whom the plaintiff was acquainted and with whom he had previously done business. Plaintiff delivered the car personally to Murphy in Mississippi and gave Murphy the same title papers he had received from Carley and in addition the plaintiff gave Murphy an invoice-bill of sale signed by Ira Allen, bookkeeper of Bill Flatte Motor Company, which invoice was notarized by Bill Flatte himself. This invoice stated that the automobile was sold for the sum of $4,050 cash, and that there were no notes and conditioned sale contracts held by the motor company. In payment for the car, Murphy gave Flatte a check on the Bank of Cleveland, Mississippi and plaintiff company never determined if Murphy's check was good. The Flatte Motor Company at the time of the sale to Murphy knew that Murphy was an automobile dealer in Mississippi and that the car would be resold.

On December 17, 1951 Murphy paid a Mississippi Road and Bridge Privilege Tax and obtained a 1952 Mississippi automobile license, there being no requirement in Mississippi that a title certificate be issued. On December 22, 1951 Murphy sold the Cadillac to Nichols Motor Company, defendant herein, and delivered to it all of the above listed documents of title which Carley

had given to Flatte, the invoice signed by Flatte, and the muniments of title in Mississippi. At this time no title certificate had been issued by Texas as applied for by Carley but the defendant was informed by Murphy that same would be forwarded when issued. Nichols Motor Company, defendant herein, sold the car to a dealer in Bridgeport, Connecticut and from there it was finally sold to a man named Robertson in Pennsylvania.

Murphy's check was deposited by Flatte in Texarkana on December 15, 1951 and payment was refused on December 22, 1951. Plaintiff contacted Murphy who told him to re-deposit the check which he did on December 26, 1951 and it was again refused for insufficient funds on January 3, 1952. It was not until January 10, 1952 that a title certificate was issued by the State of Texas and this certificate was delivered to Flatte.

The record shows that Flatte instituted proceedings in Pennsylvania against Robertson, then abandoned same. The present suit was then instituted by plaintiff against the defendant for the recovery of the car or the value thereof. No proceedings have ever been brought against Murphy, hence in this suit we are concerned only with the sale from Flatte Motor Company to Murphy and Murphy to Nichols Motor Company.

It is the contention of the plaintiff-appellant that title to the Cadillac did not pass and that since the defendant, a Louisiana dealer, did not obtain a certificate of title as required by Louisiana law, LSA–R.S. 32:705, it was not a purchaser in good faith. Appellant contends that the doctrine of estoppel cannot be applied where there is positive law and that the provisions of the Civil Code pertaining to the sale of movables have been modified in so far as they affect the sale of motor vehicles by LSA–R.S. 32:705.

The defendant-appellee contends that the sale by Flatte to Murphy was a valid sale passing title and the documents of title and indicia of ownership which Flatte gave to Murphy, who in turn gave to defendant, were sufficient to make the defendant a purchaser in good faith and hence the plaintiff is estopped by its own actions to now claim that Murphy did not acquire title to the automobile in question.

The contention of plaintiff-appellant that the agreement between it and Murphy was a conditional sale conditioned upon the clearing of the check is contradicted by the invoice given by the plaintiff to Murphy which specifically stated that the sale was for "cash" and carried the notation "notes and conditioned sales contracts held by none." It is clear from the decision of this court in Jeffrey Motor Company v. Higgins, 230 La. 857, 89 So.2d 369 that this was a credit sale and title passed. The court therein pointed out that under Article 2456 of the LSA–Civil Code the sale was complete when Jeffrey accepted the draft,

which was given in that case, as there then existed an agreement for the object and for the price thereof. From this, the court stated, it followed that title passed and could then be transferred to another person.

Plaintiff-appellant relies upon the holding in the case of Packard Florida Motors Co. v. Malone, 208 La. 1058, 24 So.2d 75. An examination of that case shows that it is inapplicable herein as the car in that case was actually stolen. The Jeffrey case pointed out that the Packard case was inapplicable to a situation like the present one.

■ It is argued by the plaintiff-appellant that the Louisiana Motor Vehicle Title Certificate Law, LSA–R.S. 32:705, repeals, modifies and alters the basic provisions of Article 2456 of the LSA–Civil Code. This contention has been answered in Transportation Equipment Company v. Dabdoub, La. App., 69 So.2d 640 wherein it was clearly stated that LSA–R.S. 32:701 et seq. do not make the sale of a motor vehicle void if the transfer is not executed in conformity with the statute, but simply causes the title to be imperfect until the certificate is acquired, nor do the provisions of LSA–R.S. 32:701 et seq. directly or by implication repeal the provisions of Article 2456 of the LSA–Civil Code. The court stated that title to motor vehicles, although imperfect, may still be transferred in accordance with provisions of Article 2456 as between the parties even though the purchaser did not

comply with LSA–R.S. 32:701. In Hammer v. Domingue, La.App., 82 So.2d 105 it was held that failure to comply with the administrative regulation of LSA–R.S. 32:705 does not invalidate the sales themselves but such failure only prevents a "marketable title" from being obtained until such time as the provisions of the statute are complied with but a valid title is perfected even before the purchaser obtains a title certificate. To the same effect are the cases of Nettles v. General Accident Fire & Life Assurance Corporation, 5 Cir., 234 F.2d 243; Bedsole v. Lee, La.App., 78 So.2d 434; Hammond Finance Co. v. Carter, La.App., 83 So.2d 682; H. G. Williams Motor Co. v. Zeagler, La.App., 92 So.2d 291.

■ Defendant-appellee pleads estoppel invoking the principle that when one of two innocent persons must suffer loss, it must be borne by that one of them who by his conduct has rendered the injury possible.

In the instant case the plaintiff knew that Murphy was a dealer and would resell the automobile. Plaintiff gave to Murphy, without ascertaining if the check given by Murphy was good, the application for a title certificate filed in Texas by Carley, the Texas license papers, and an invoice-bill of sale stating that there were no conditioned sales contracts outstanding and that cash had been paid for the car. Thus plaintiff not only gave Murphy possession of the

movable but clothed him with every possible indicium of ownership.

It is settled jurisprudence that where one of two innocent parties must suffer loss through the fraud of another, the burden of the loss should be imposed on him who most contributed to it. Thompson v. Hibernia Bank & Trust Co., 148 La. 57, 86 So. 652; Haley v. Woods, 163 La. 911, 113 So. 144; Young v. Gretna Trust and Savings Bank, 184 La. 872, 885, 168 So. 85, 90; Theard v. Gueringer, 115 La. 242, 38 So. 979, 981; Reed v. Eureka Homestead Society, La. App., 143 So. 891; Continental Jewelry Co. v. Weilbacher, 17 La.App. 420, 136 So. 110; Whittington Co. v. Louisiana Paper Co., 224 La. 357, 69 So.2d 372; Clark-Kelley Livestock Auction Co. v. Pioneer Bank & Trust Co., 228 La. 224, 81 So.2d 869.

The case of Jackson v. Waller, 190 Tenn. 588, 230 S.W.2d 1013 from the Supreme Court of Tennessee is almost identical to the case at bar. Therein the purchaser gave a check in payment and the seller gave possession of the car and a carbon copy of an order blank showing that the car had been purchased and paid for. This order blank was signed by the seller as in the instant case. The purchaser then took the car and sold it to another presenting the carbon copy of the order as evidence of his title. A plea of estoppel was upheld by the court saying that the loss was due to the seller's negligence in arming another with a clear indicia of ownership. To the same effect is the case of Woods v. Thompson, 159 Fla. 112, 31 So.2d 62. In the Woods case the court pointed out that as between the parties the sale was voidable but considering the fact that the plaintiff gave his vendee an invoice reciting that there was no collateral agreement or understanding between the parties, then plaintiff would be estopped as against the defendant who was a bona fide purchaser.

The trial judge was correct in maintaining the plea of estoppel filed by the defendant.

For the reasons assigned, the judgment of the lower court is affirmed at appellant's cost.