ON REHEARING
Before GLADNEY, AYRES and BO-LIN, JJ.
GLADNEY, Judge.
Our original decree held Commercial Credit Corporation to be a holder in due course — that is to say, that it had acquired the negotiable instrument free from any defect of title of the prior parties and free from defenses available to such parties amongst themselves, and that it could enforce payment of the instrument against all parties liable thereon.
The defendant-applicant for rehearing argues that by reason of the provisions of the Louisiana Motor Vehicle Title Certificate Law the sale was void and incomplete as defendant buyer was never able to secure a title certificate to the car he had purchased from Shipp Chevrolet-Buick, Inc. The record clearly discloses Commercial Credit Corporation became a purchaser in due course in compliance with all conditions imposed by Sec. 52 of the Negotiable Instrument Act (LSA-R.S. 7:52). It was pointed out in Jeffrey Motor Company v. Higgins, 230 La. 857, 89 So.2d 369 (1956) that under Article 2456 of the Civil Code the sale was complete when the vendor accepted purchaser’s draft or payment, as there then existed an agreement for the object and price thereof. Our courts have consistently repudiated the contention that theTitle Certificate Law has repealed, modified or altered the basic provisions of Civil Code Art. 2456; or affected the status of the holder in due course of a negotiable instrument who has complied with the provisions of the Negotiable *329 Instrument Act. The Supreme Court in Flatte v. Nichols, 233 La. 171, 96 So.2d 477 (1957) made the following comment with respect to the application of the Louisiana Motor Vehicle Title Certificate Law:
“It is argued by the plaintiff-appellant that the Louisiana Motor Vehicle Title Certificate Law, LSA-R.S. 32:705, repeals, modifies and alters the basic provisions of Article 2456 of the LSA-Civil Code. This contention has been answered in Transportation Equipment Company v. Dabdoub, La.App., 69 So. 2d 640 wherein it was clearly stated that LSA-R.S. 32:701 et seq. do not make the sale of a motor vehicle void if the transfer is not executed in conformity with the statute, but simply causes the title to be imperfect until the certificate is acquired, nor do the provisions of LSA-R.S. 32:701 et seq. directly or by implication repeal the provisions of Article 2456 of the LSA-Civil Code. The court stated that title to motor vehicles, although imperfect, may still be transferred in accordance with provisions of Article 2456 as between the parties even though the purchaser did not comply with LSA-R.S. 32:701. In Hammer (Hamner) v. Domingue, La.App., 82 So. 2d 105 it was held that failure to comply with the administrative regulation of LSA-R.S. 32:705 does not invalidate the sales themselves but such failure only prevents a ‘marketable title’ from being obtained until such time as the provisions of the statute are complied with but a valid title is perfected even before the purchaser obtains a title certificate. To the same effect are the cases of Nettles v. General Accident Fire & Life Assurance Corporation, 5 Cir., 234 F.2d 243; Bedsole v. Lee, La.App., 78 So.2d 434; Hammond Finance Co. v. Carter, La.App., 83 So.2d 682; H. G. Williams Motor Co. v. Zeagler, La.App., 92 So.2d 291.” [96 So.2d 477, 479-480]
Other authorities are Lemaire v. Pellerin, La.App., 102 So.2d 493, 498 (1st Cir. 1958, writ den.), James v. Judice, La.App., 140 So.2d 169, 171 (3rd Cir. 1962) and Ebert v. Babin, La.App., 200 So.2d 672, 680 (3rd Cir. 1967.)
The Daigle case cited in the original opinion and General Contract Corporation v. Wigington, La.App., 81 So.2d 148 (2nd Cir. 1955, writ den.) do not support defendant’s position as contended. In each of these cases the holder of the negotiable instrument was held not to be a holder in due course, and therefore the suit on the instrument was subject to all of the defenses available to the buyer against his vendor.
For the reasons hereinabove stated our original decree is reinstated and made the judgment of this court.