255 So.2d 846 (1971)
Ralph ROBINSON d/b/a Danville Grocery & Grill, Plaintiff-Appellee,
v.
Gladys JACKSON, Defendant-Appellee,
Barbara Ann Jackson, Intervenor-Appellant.
No. 11707.
Court of Appeal of Louisiana, Second Circuit.
November 16, 1971.
Rehearing Denied January 4, 1972.
Writ Refused February 11, 1972.
*847 Holloway, Baker, Culpepper & Brunson, by Bobby L. Culpepper, Jonesboro, for appellant.
John M. Stewart, Arcadia, for plaintiff-appellee.
Before BOLIN, HEARD and HALL, JJ.
En Banc. Rehearing Denied January 4, 1972.
BOLIN, Judge.
Ralph Robinson, d/b/a Danville Grocery & Grill, obtained a judgment against Gladys Jackson, also known as Gladys Qualls, in the sum of $570. Robinson caused a writ of fieri facias to issue pursuant to which a 1965 Ford automobile was seized.
After the automobile was seized Barbara Ann Jackson filed an intervention claiming to be the owner of the Ford car. Intervenor petitioned for and was granted a temporary restraining order on July 20, 1970, and Robinson was ordered to show cause on July 30, 1970, why a preliminary injunction should not issue.
Robinson's answer to the intervention consisted of a general denial and a reconventional demand for the sum of $300 as attorney's fees for the wrongful issuance of the temporary restraining order. By stipulation of counsel the case went to trial on July 30, 1970 on both the question *848 of the issuance of a preliminary injunction and on the merits.
The case was taken under advisement and a written opinion was rendered on October 22, 1970, wherein the trial judge found Gladys Jackson to be the owner of the automobile and accordingly refused to issue a preliminary injunction. The demand of Robinson for attorney's fees for the alleged wrongful issuance of the temporary restraining order was also denied. Intervenor filed an application for a new trial alleging the decision was contrary to the law and the evidence and that newly discovered evidence had been obtained since the original trial. Motion for new trial was overruled and a formal judgment was signed in accordance with the written opinion. Intervenor, Barbara Ann Jackson, appeals and Ralph Robinson answers the appeal seeking to have the judgment amended to grant him attorney's fees as damages for the issuance of the temporary restraining order. We find no error in the judgment of the lower court.
The issues on appeal are:
(1) On the day of the seizure, who was the owner of the automobile?
(2) Is plaintiff entitled to attorney's fees for the issuance of the temporary restraining order in the event the court determines Gladys Jackson was the owner of the vehicle?
(3) Is intervenor entitled to a new trial?
Before outlining any facts it is appropriate to note the evidence was not transcribed nor was a narrative of facts made pursuant to Louisiana Code of Civil Procedure Articles 2130 and 2131. However, where the written reasons of a trial judge reveal substantially all of the material testimony and the record is sufficiently complete to permit full consideration of the issues, the written opinion may be used in lieu of the transcribed testimony. Succession of Seals, 243 La. 1056, 150 So. 2d 13 (1963).
Directing our attention to the issues in the order enumerated, we shall first discuss the question of ownership of the car on the day of seizure.
Gladys Jackson purchased the vehicle on credit from a dealer in Jonesboro in 1967. Barbara Ann claims she made most of the monthly payments on the car and executed a check to the dealer in an amount sufficient to have a legal transfer of title made to her. Barbara Ann also contends Gladys executed a bill of sale to her on May 23, 1970. The evidence is somewhat conflicting as to what transpired between Gladys, Barbara Ann and the Ford dealer. The trial judge was satisfied Gladys and Barbara Ann went to the motor company together to make the last monthly payment, which was represented by a check drawn by Barbara Ann and dated May 23, 1970, but that when the automobile was seized the title had not been officially transferred to Barbara Ann.
We are cognizant of the well-settled rule that ownership of an automobile, as any other movable, may be transferred by verbal contract provided there exists "an agreement for the object and for the price thereof * * *." La. Civil Code Article 2456. We are likewise aware that our courts have uniformly interpreted Louisiana Revised Statutes 32:701 et seq., as being a method of registry of title to motor vehicles, but do not alter the basic provisions of La.C.C. Art. 2456, nor do they provide an exclusive manner of transferring ownership. Flatte v. Nichols, 233 La. 171, 96 So.2d 477 (1957).
The trial judge was convinced from all of the evidence intervenor had failed to prove the parties ever actually intended to transfer ownership of the vehicle in question. We agree that intervenor has not borne the burden of proving there was "an agreement for the object and for the price thereof" as provided in La.C.C. Art. 2456; therefore, ownership of the *849 vehicle was still vested in Gladys Jackson, the debtor, at the time of the seizure.
The second issue relates to the assessment of damages for the dissolution of the temporary restraining order. Louisiana Code of Civil Procedure Article 3604 provides "a temporary restraining order * * * shall expire by its terms within such time after entry, not to exceed ten days, as the court prescribes". Article 3608 of the Code of Civil Procedure permits an award of attorney's fees for services rendered in connection with the dissolution of a restraining order. Article 3612 of the Code of Civil Procedure provides no appeal may be taken from an order relating to a temporary restraining order, but that an appeal from a judgment relating to a preliminary injunction may be taken.
The trial judge rejected Robinson's claim for attorney's fees for the issuance of the temporary restraining order as he "has not proved any damages". We find no error in this portion of the judgment, since no damage has been shown. Additionally, from the codal articles reviewed in the preceding paragraph it is evident the temporary restraining order expired by operation of law ten days after its issuance or on July 30, 1970. The only matter tried was the question of whether a preliminary injunction should issue. The court refused to issue an injunction and Robinson does not contend he was damaged by this judgment. The record does not reflect the vehicle was scheduled to be sold prior to July 30th; therefore, there was no showing it was necessary for Robinson to obtain an attorney to dissolve the restraining order.
Last for consideration is the question of whether the case should be remanded for a new trial. Louisiana Code of Civil Procedure Articles 1972 and 1975 provide that a motion for new trial shall set forth the grounds upon which it is based. The motion in the instant case states the judgment was contrary to the law and the evidence and that intervenor had discovered new evidence which was not available to her at the time of the trial. In his reasons for overruling the motion the district judge concluded the intervenor could have, with due diligence, obtained the evidence on the date fixed for the trial, and with this conclusion we agree. There is no showing the judgment is contrary to the law and the evidence. For these reasons the application for a new trial was properly overruled.
The judgment is affirmed at appellant's cost.