275 So.2d 464 (1973)
Martin E. BALLARD, Plaintiff-Appellee,
v.
W. G. McBRYDE, Defendant-Appellant.
No. 12041.
Court of Appeal of Louisiana, Second Circuit.
March 6, 1973.
*465 John A. Files, Shreveport, for appellant.
Nesib Nader, Maynard E. Cush, Shreveport, for appellee.
Before AYRES, PRICE, and HALL, JJ.
PRICE, Judge.
Martin E. Ballard brought this action against W. G. McBryde, seeking to be declared the owner of a Melody Mobile Home Trailer presently in the possession of McBryde at 219 W. 74th Street in Shreveport. Ballard claims ownership and right to possession of the trailer by reliance on a certificate of title issued by the Motor Vehicle Division of the Louisiana Department of Revenue, showing him as the registered owner of this vehicle as a result of his purchasing same from Joseph W. Woodall on June 29, 1970.
After various preliminary exceptions were disposed of in the trial court, McBryde answered Ballard's petition denying his allegations of ownership.
After a trial on the merits the district court rendered judgment recognizing Ballard as the owner of the trailer and ordered the possession of the trailer delivered to him.
Defendant moved for and was granted a suspensive appeal conditioned on the furnishing of security in the amount of $250. Plaintiff subsequently filed a motion in the trial court opposing the adequacy of the amount of the bond for a suspensive appeal, and on November 6, 1972, the court ordered the bond increased to $3,000. The additional security was not furnished until November 15, 1972.
Plaintiff has moved in this court to have this appeal dismissed as a suspensive appeal and considered as devolutive since the additional security was not timely filed in accordance with La.C.C.P. article 5124, which provides:
"Art. 5124. Furnishing new or supplemental bond to correct defects of original
Within four days, exclusive of legal holidays, of the rendition of judgment holding the original bond insufficient or invalid, or at any time if no rule to test the original bond has been filed, the party furnishing it may correct any defects therein by furnishing a new or supplemental bond, with either the same surety if solvent, or a new or additional surety.

*466 The new or supplemental bond is retroactive to the date the original bond was furnished, and maintains in effect the order, judgment, writ, mandate, or process conditioned on the furnishing of security.
The furnishing of a supplemental bond, or the furnishing of a new bond by a different surety, does not discharge or release the surety on the original bond; and the sureties on both are liable in solido to the extent of their respective obligations thereon and may be joined in an action on the bond."
No opposition has been made to this motion and as plaintiff appears to be correct in his position, we declare the appeal perfected by defendant is devolutive in nature.
Although the pleadings filed by McBryde do not set forth the basis on which he opposes the assertion of ownership by Ballard, it is apparent from a review of the testimony contained in the record he claims ownership of the trailer himself by virtue of an alleged prior sale to him from Woodall evidenced by a written transfer dated September 9, 1966. This instrument was not notarized and recited as a consideration the term "assumption". No attempt has ever been made by McBryde to have the trailer registered in his name in accordance with the Vehicle Certificate of Title Law (LSA-R.S. 32:701 et seq.)
The evidence in the record relating to the issue of whether a sale ever took place from Woodall to McBryde is very conflicting and contradictory. The trial judge in reasons for judgment was of the opinion the evidence was insufficient to sustain McBryde's contention he had purchased the trailer from Woodall. We find no manifest error in the finding of fact of the trial judge which was based primarily on an evaluation of the credibility of the various witnesses who testified in open court. However, we are of the opinion that under the circumstances presented in this case, the plaintiff is entitled to the relief requested as a matter of law because of the protection that should be afforded innocent third parties who have relied on the Vehicle Certificate of Title Law of this state. This is especially true in regard to the defendant in this case whose actions or omissions have contributed substantially to his own dilemma.
At the time Woodall purchased the trailer from an individual named Ernest Waters on July 27, 1965, the preparation and execution of the necessary bill of sale was under the direction of McBryde who was the employer of Mrs. Woodall. McBryde moved into the trailer with the Woodalls and made the monthly payments on the chattel mortgage assumed by Woodall in return for the use of a bedroom for himself and his child. This arrangement lasted until late summer of 1966 when the Woodalls separated and moved out of the trailer. McBryde contends that sometime in early September, 1966, Woodall asked him to take over ownership of the trailer as he (Woodall) could not make the payments. McBryde also contends he agreed to the arrangement and Woodall signed a blank bill of sale form which was later filled in by him (McBryde). Although Woodall admits his signature on the bill of sale, he denies signing it for this purpose. He testified the blank form was signed in connection with the intended disposal of certain pieces of furniture.
In any event, Woodall was in possession of the bill of sale transferring ownership from Waters to himself when he contracted to sell the trailer to plaintiff on June 29, 1970. Plaintiff testified he had never known Woodall prior to this date and learned of the trailer being for sale by Woodall through Woodall's brother-in-law. Plaintiff further testified he made arrangements for financing the sale at a local bank and proceeded to verify Woodall's ownership and the encumbrances on the title by inquiring at the local office of the Department of Revenue and confirming that it could be properly titled in his own name after acquisition from Woodall. The transaction was thus completed *467 with the title being registered in the name of plaintiff. The existing mortgage previously assumed by Woodall at time of his acquisition was paid off and a new mortgage was recorded in favor of plaintiff's bank. It was represented to plaintiff that McBryde was renting the trailer and the contract to sell contained a provision obligating Woodall to give McBryde notice of the sale and to vacate the trailer. Under these circumstances we consider plaintiff to be a good faith third party who purchased the vehicle after proper investigation and on the reasonable belief he would receive perfect title to the trailer.
Defendant relies on the holding in the case of Flatte v. Nichols, 233 La. 171, 96 So.2d 477 (1957), that the noncompliance with the Vehicle Certificate of Title Law does not affect the validity of a sale of a vehicle otherwise valid under La.C.C. Art. 2456 as between the parties.
The rule in the cited case is limited to a dispute "as between the parties" and does not extend to innocent third parties.
In the Flatte case, supra, the court gives recognition to the equitable doctrine appropriate to the circumstances of this case in ruling as follows:
"It is settled jurisprudence that where one of two innocent parties must suffer loss through the fraud of another, the burden of the loss should be imposed on him who most contributed to it. Thompson v. Hibernia Bank & Trust Co., 148 La. 57, 86 So. 652; Haley v. Woods, 163 La. 911, 113 So. 144; Young v. Gretna Trust and Savings Bank, 184 La. 872, 885, 168 So. 85, 90; Theard v. Gueringer, 115 La. 242, 38 So. 979, 981; Reed v. Eureka Homestead Society, La.App., 143 So. 891; Continental Jewelry Co. v. Weilbacher, 17 La.App. 420, 136 So. 110; Whittington Co. v. Louisiana Paper Co., 224 La. 357, 69 So.2d 372; Clark-Kelley Livestock Auction Co. v. Pioneer Bank & Trust Co., 228 La. 224, 81 So.2d 869."
In the case of Tarver v. Tarver, 242 So. 2d 374 (La.App.2d Cir. 1970), this court recognized the right of an innocent third party to retain possession of an automobile purchased by her when the public records reflected perfect ownership in her vendor.
We are of the opinion the Vehicle Certificate of Title Law is designed to afford the public a means of proper determination of ownership and encumbrance of vehicles subject thereto and to protect innocent purchasers who have relied thereon.
Although defendant contends he had assumed ownership of the trailer on September 9, 1966, he took no steps to have the title registered in his name. Additionally, he knew Woodall had possession of the bill of sale from the last record owner (Waters) which would allow him to convey an apparent perfect title to some innocent third party who could perfect the chain of ownership in accordance with the Vehicle Certificate of Title Law. Even with this knowledge he did not require Woodall to deliver this document into his possession at the time he allegedly acquired the blank bill of sale from Woodall. Thus defendant's own actions have been responsible for the controversial status of ownership of the trailer involved herein and he cannot complain of the trial court's judgment maintaining ownership in plaintiff.
For the foregoing reasons the judgment appealed from is affirmed at appellant's cost.