## WILLIAM CONNER *v.* S. L. HILL & Co.

$\overline{\left| \text{e125} \overset{6}{\phantom{.}} \overset{7}{\phantom{.}} 1032 \right|}$

The plaintiff, in Tennessee, entrusted a flatboat of corn to his son to be brought to New
Orleans and there sold. The son left the boat at New Orleans in charge of a third per-
son, who sold the corn, without any authority, to an innocent purchaser and absconded
with the money. *Held:* that the plaintiff must bear the loss. C. C. art. 2427, does not
apply to such a case.

Where one of two innocent persons must suffer a loss in consequence of the unauthorized
acts of an agent, he who is the cause of the confidence, by which the loss has been occa-
sioned, ought to bear it.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J.
*Wolfe* and *Singleton*, for plaintiff. *Rosier* and *E. A. Bradford*, for de-
fendants. The judgment of the court was pronounced by

PRESTON, J. The plaintiff being the owner of a flatboat load of corn, in
the fall of 1848, shipped it, in charge of his son *John Conner*, from Ashport, in
the State of Tennessee, to this city for sale. The boat and cargo arrived in

CONNER
*v.*
HILL.

safety at Freeport, above this city, in charge of young *Conner.* Wishing to return to Tennessee for another boatload, as he said, he put one *Allen* in charge of the boat and corn, to prepare it by husking, shelling and sacking, for sale, and charged the mercantile firm of *Nalle & Coxe* with its sale. *Allen* brought the boat and corn to the flatboat landing of the Second Municipality; reported its arrival in the newspapers and himself as master of the boat. He then sold the boat and cargo to the defendants, and absconded with the proceeds of the sale.

Young *Conner* soon afterwards returned to this city, and, learning these facts, disavowed the authority of *Allen* to sell the boat and cargo and claimed the value of the same from the defendants, which they refused to settle; and *William Conner,* the original owner of the boat and corn, has instituted this suit against them, to recover the value of the same, on the ground that *Allen* had no authority to sell; and, further, that the defendants purchased his property from *Allen,* without exercising due caution to know that he was not the owner.

We have attentively considered the 2427th article of our code, which prescribes that the sale of a thing belonging to another person is null; also, the principle of the Roman law, "Nemo in alium potest transferre plus juris quam ipse habet." We have also considered that the principles which govern sales in market overt in *England do not belong to* the civil law, and have duly weighed the numerous decisions cited by the plaintiff's counsel in support of their case.

But we think that special circumstances have been proved in this case, which takes it out of the principle contained in our code and in the Roman law, and in the decisions that have been quoted. The plaintiff entrusted his son with the property and authorized him to sell it. His son represented *Allen* as his partner, and stated that the corn was theirs, and that *Allen* had authority to sell it. They purchased goods on joint account, and said that when the corn was sold they would pay for the goods with the proceeds.

Moreover, the plaintiff does not sue for the corn itself, but for its value. If he ratifies the sale he cannot claim the proceeds, for they were paid to *Allen,* who sold the corn. If he claims from the defendants merely because the corn passed through their hands, it is clear he cannot recover unless they were guilty of an offence or quasi-offence or fraud, with none of which the evidence charges the defendants. The plaintiff has lost his property by his own imprudence in confiding it to the inexperience of his son without responsibility, and must bear the loss, rather than impose it upon innocent third persons.

We applied this principle to the contract of affreightment in the case of *Walker* v. *Cassaway,* 4th Ann. 20 ; and in the case of *Moore* v. *Lambeth,* 5th Ann. 73, this court said : "Although it was not essential to the decision of the cause, that in some of the transactions of commerce, an owner may be estopped from reclaiming his property from a subsequent *bonâ fide* purchaser, by having voluntarily placed in the hands of another the *indicia* of ownership, and exhibited him to the world, as a person having power to dispose of it ; and however certain his intentions not to part with his ownership, he would not be heard against an honest purchaser who had acted upon the confidence thus imprudently reposed."

The Supreme Court said the same thing substantially in the case of *Jenkins* v. *Thenet,* 9 R. R. 35, though that too was an *obitur dictum.* But the observations in both cases were based upon the great and well settled principle of equity, that where one of two innocent persons must suffer a loss, he who is the cause or occasion of that confidence, by which the loss has been caused or occasioned,

CONNER
v.
HILL.

ought to bear it. A principle adopted to encourage commerce among men while they act with ordinary prudence, and not to permit their transactions to be defeated by what may be concealed.

It imposes on the shippers of produce for sale, the necessity of selecting with great care, honest and capable men to intrust with their property; and on the other, gives that confidence to our merchants which enables them to purchase without requiring security, and perhaps to give better prices.

The judgment of the district court, under the circumstances, does not violate any principle of law, and it is affirmed, with costs.