140 So.2d 169 (1962)
David W. JAMES, Plaintiff and Appellee,
v.
Gary A. JUDICE, Defendant and Appellant.
No. 528.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1962.
Rehearing Denied May 1, 1962.
*170 Charles C. Jaubert, Lake Charles, for defendant-appellant.
Leo F. McDaniel, Lake Charles, for plaintiff-appellee.
Before FRUGE, SAVOY and HOOD, JJ.
HOOD, Judge.
In this suit plaintiff, David W. James, seeks to obtain a judgment against defendant, Gary A. Judice, decreeing plaintiff to be the true and lawful owner of a certain 1951 model Chevrolet sedan, and ordering defendant to execute an act transferring title of the automobile to plaintiff in accordance with the Louisiana Vehicle Certificate of Title Law.
After trial of the case on its merits judgment was rendered by the trial court in favor of plaintiff, granting the relief which he seeks, and defendant has appealed from that judgment.
There is no dispute as to the facts. Defendant, although now of lawful age of majority, was a minor on July 9, 1960. He owned a 1951 model Chevrolet sedan, and on or shortly before the above mentioned date his father entered into an agreement in his behalf with Richard Antoine, a used car dealer in Lake Charles, under the terms of which Antoine undertook to sell the car for defendant. Pursuant to this agreement the car was placed on Antoine's used car lot, and Antoine proceeded to try to sell it. The understanding between the parties as to the price was that the car was to be sold for not less than $250.00, that defendant was to receive that amount as his portion of the purchase price, and that Antoine was to retain as his commission that part of the purchase price which exceeded $250.00. Defendant signed a title certificate in blank, but his father kept the certificate in his possession, informing Antoine that it would be surrendered when the latter produced either a purchaser for the car or the money which defendant had agreed to accept for it.
Plaintiff went to the used car lot and purchased the car from Antoine on July 9, 1960, for the sum of $295.00, which amount was paid in cash to Antoine. At the time of the purchase plaintiff obtained from Antoine a "bill of sale" for the car and a receipt for the full amount which was paid. Plaintiff, however, did not demand or receive from Antoine a formal title certificate for the car, but at or about the time of the purchase he did fill out an application for a new title certificate. Antoine then disappeared, without paying any part of the purchase price of the car to defendant, and his whereabouts were still unknown at the time of the trial. Defendant has never received the purchase price for the car, and he has never delivered the title certificate to plaintiff.
At the time the car was purchased plaintiff thought it belonged to Antoine, and he did not learn until about February 1, 1961, that the title was registered in defendant's name. Plaintiff then made demand on defendant to execute an act transferring title to the car to him, and upon defendant's refusal to do so this suit was instituted.
*171 Counsel agree that title to a motor vehicle, although imperfect, is subject to transfer in accordance with the provisions of Article 2456 of the LSA-Civil Code, as between the parties, even in the absence of compliance with the Vehicle Certificate of Title Law (LSA-R.S. 32:701 et seq.). H. G. Williams Motor Company v. Zeagler, La.App. 2 Cir., 92 So.2d 291; Transportation Equipment Company v. Dabdoub, La.App., 69 So.2d 640; Bedsole v. Lee, La.App. 1 Cir., 78 So.2d 434; Hamner v. Domingue, La.App. 1 Cir., 82 So.2d 105; Westbrook v. Blakewell, La.App. 1 Cir., 126 So.2d 44.
The evidence convinces us, as it did the trial judge, that defendant's father appointed Antoine as his agent for the sale of this car. Defendant does not question his father's actions or the right of his father to act in his behalf in this transaction.
Defendant contends, however, that Antoine was never given either the actual or the apparent authority to sell the car for him without the title certificate, and he maintains that since Antoine exceeded his authority by attempting to sell the car without such a certificate the sale is null and void. It is argued that defendant's father, by stipulating that the car could not be sold without a title certificate and by retaining that certificate in his possession, had placed plaintiff and any other prospective purchaser on notice of the agent's limitations.
Under the facts presented here, we are convinced that Antoine was given the actual authority to sell the car for defendant, even though the title certificate remained in the possession of the owner. The fact that defendant's father informed Antoine that he would surrender the title certificate if and when Antoine collected and paid to him that portion of the purchase price which defendant had agreed to accept convinces us that Antoine had been given actual authority to complete the sale, to collect the purchase price and then to deliver the agreed portion of the purchase price to defendant. It was essential that he have authority to complete the sale in order for him to be able to collect or receive the purchase price. It seems to us that the retaining of the title certificate by defendant's father was merely a device used by the seller to assure himself that the agent, Antoine, would account to him for the purchase price.
Even if Antoine had not been given actual authority to complete the sale, the evidence convinces us that defendant clothed him with apparent authority to do so, and for that additional reason the sale was valid.
The issues presented here are similar to those determined in General Finance Company of Louisiana v. Veith, La.App. Orl., 177 So. 71. In that case plaintiff delivered an automobile to a used car dealer to be sold for plaintiff's account, with the understanding that the car was to be sold only in case plaintiff approved of the transaction. The used car dealer sold the automobile without plaintiff's approval, however, and plaintiff sued to recover possession of it. The court held that the sale was binding on plaintiff, since plaintiff had clothed the dealer with the apparent authority to complete the sale. See also Morton v. American Employers Insurance Co., La.App. 2 Cir., 104 So.2d 189; Hammond Finance Company v. Carter, La.App. 1 Cir., 83 So.2d 682; Slagle v. Peyton, 182 La. 358, 162 So. 12; Esso Standard Oil Company v. Welsh, 235 La. 593, 105 So.2d 233; Agnew v. Mullenix, La.App. 2 Cir., 11 So.2d 106.
In the instant suit defendant voluntarily delivered possession of his car to the agent, permitted the car to be placed on Antoine's used car lot for the purpose of being sold, and he authorized Antoine to sell it. There was nothing to indicate to a purchaser that the authority of the used car dealer to sell the automobile was or may have been restricted in any way, and the sale was made in the ordinary *172 course of the agent's used car business. Under those circumstances we think plaintiff had the right to assume that the dealer was authorized to complete the sale. The fact that plaintiff did not demand and obtain from Antoine a title certificate at the time of the sale, or the fact that Antoine may have indicated to plaintiff that he owned the car, are not sufficient circumstances, we think, to place a purchaser on notice that the used car dealer's right to sell the vehicle may have been limited.
Defendant argues further, however, that the sale is null and void because Antoine, in falsely representing to plaintiff that he was the owner of the car, did not act as defendant's agent in making the sale. The principle authorities relied upon by counsel for defendant in support of that argument are Article 1889 of the LSA-Civil Code, and the cases of Bonniot v. Fuentes, 10 La.Ann. 70; Lallande v. His Creditors, 42 La.Ann. 705, 7 So. 895; Maxwell v. W. B. Thompson & Company, 175 La. 252, 143 So. 230; and Holton v. Hubbard, 49 La.Ann. 715, 22 So. 338. After citing these authorities, counsel states in his brief that, "It seems clear that in view of the above holdings, that Antoine, selling defendant's car in Antoine's own name as owner, could not bind defendant unless defendant clothed him with apparent power to do so."
We do not think defendant's position is supported by the authorities which have been cited. The provision in LSA-C.C. Article 1889 that "no one can, by a contract in his own name, bind anyone but himself or his representatives * * *," obviously was not intended to prohibit an agent from binding his principal. Also, in spite of this article, the jurisprudence has been established to the effect that a principal who clothes his agent with the apparent power to act for him may be estopped under some circumstances from setting aside the acts of the agent which are within his apparent authority, although beyond the actual powers delegated to him.
In all of the cases cited by counsel for defendant the agent or factor pledged bills of lading or warehouse receipts as security for loans. In Holton v. Hubbard, supra, the Court found that the principal had not authorized the rice affected by the warehouse receipts to be stored in a warehouse, that he did not authorize the issuance of warehouse receipts, and accordingly that the principal did not clothe the factor with apparent authority to pledge the warehouse receipts. In each of the other cases cited the Court found that the pledgee either had knowledge of the fact that the pledged goods did not belong to the agent-pledgor, or that the circumstances were such that the pledgee was reasonably put on guard to make inquiries as to the ownership of such goods.
As has already been stated, we think defendant in the instant suit did clothe his agent, Antoine, with the apparent authority to sell the car. Plaintiff had no knowledge of any limitations placed on Antoine's authority to sell, and there was nothing to cause him to suspect that the dealer did not own the vehicle. Actually, insofar as the validity of the sale is concerned, it is immaterial that the agent represented himself to be the owner instead of the agent, because the sale would have been equally as valid, and there would have been no greater duty placed on the purchaser to question the title, if Antoine had informed the purchaser of his true status. For these reasons we think the sale is binding on defendant, even though Antoine may have falsely represented to plaintiff that he was the owner.
Defendant contends, finally, that the loss should be borne by plaintiff, because plaintiff contributed most to the fraud which appears to have been perpetrated by defendant's agent. In support of that argument defendant relies upon the well recognized equitable principle that when one of two innocent parties must suffer loss through the fraud of another, the burden of the loss should be imposed *173 upon him who most contributed to it. See Conner v. S. L. Hill & Co., 6 La.Ann. 7; Yoars v. New Orleans Linen Supply Co., La.App.Orl., 185 So. 525; Young v. Gretna Trust & Savings Bank, 184 La. 872, 168 So. 85; and Flatte v. Nichols, 233 La. 171, 96 So.2d 477.
In this case defendant contends that his father, by retaining the title certificate in his possession, did everything he could to prevent the perpetration of a fraud by the agent, and that plaintiff contributed most to the fraud by failing to demand the title certificate from Antoine at the time of the sale. It is argued that defendant had the right to assume that the car would not be sold without such a certificate in view of the provisions of LSA-R.S. 32:705 to the effect that no person shall sell a vehicle without delivery of a certificate of title. We cannot agree with this argument. Assuming that a fraud was committed by Antoine, it seems to us that defendant contributed most to it by allowing his car to be placed on Antoine's used car lot, with other automobiles which were being displayed for sale, and by authorizing him to sell it. As has already been pointed out, since Antoine was engaged in the business of selling used cars, and the sale of the car to plaintiff in this instance was in the usual course of that business, plaintiff had the right to assume that the dealer could sell the car, and under the circumstances presented here he was under no duty to demand proof of the dealer's title or his authority to sell before completing the transaction. He did not contribute most to the fraud which appears to have been committed, therefore, by his failure to demand a title certificate from Antoine at the time of the sale.
In our opinion, the trial court correctly held that the sale involved in this case is valid, and that plaintiff is entitled to be decreed to be the owner of that vehicle.
For the reasons herein assigned, the judgment of the trial court is affirmed. All costs of this appeal are assessed to defendant-appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.