142 So.2d 805 (1962)
TRUMBULL CHEVROLET SALES COMPANY, Inc., Plaintiff-Appellant,
v.
F. S. MAXWELL et al., Defendants-Appellees.
No. 9735.
Court of Appeal of Louisiana, Second Circuit.
June 14, 1962.
*806 William L. Crowe, Monroe, for appellant.
J. H. Dormon, Monroe, Velma P. Gerding, Baton Rouge, for appellees.
Before HARDY, AYRES and BOLIN, JJ.
HARDY, Judge.
Plaintiff brought this suit, praying for judgment recognizing it as the owner of a certain described 1960 Chevrolet automobile free and clear of all liens and encumbrances. Named as defendants were F. S. Maxwell, purchaser of the vehicle from Reed Motor Company of Monroe, Louisiana, and Maxwell's chattel mortgage holder, United Credit Plan, Inc. of Baton Rouge. To plaintiff's petition both defendants filed exceptions of no cause of action and pleas of estoppel, which, after hearing, were sustained and judgment rendered in favor of defendants. From this judgment plaintiff has appealed.
The petition of plaintiff, Trumbull Chevrolet Sales Company, Inc. of Michigan, alleged that the vehicle involved in this action was one of a group of eight cars it delivered to the O. K. Motor Company of Dresden, Tennessee, in or about the month of April, 1960; that delivery papers, invoices, titles and statements of origin on the said group of cars were not delivered; that plaintiff received from its vendee a check in the amount of $18,482.13 in payment for the said vehicles, payment on said check being dishonored; that despite the fact that plaintiff retained the original statement of origin, a false or forged statement on this particular vehicle was the basis for the transfer of title from the O. K. Motor Company of Dresden, Tennessee, to the Reed Motor Company of Monroe, which subsequently sold and delivered the vehicle to defendant, Maxwell, who executed a chattel mortgage thereon in favor of defendant, United Credit Plan, Inc.
Counsel for both appellant and appellee primarily rely upon the authority of Flatte v. Nichols, 233 La. 171, 177, 96 So.2d 477, in support of their opposed contentions. It is urged on behalf of plaintiff-appellant that the Flatte case is distinguishable by reason of the fact that, in addition to the delivery of possession of the vehicle, there was a delivery of license papers issued by another State and an invoice bill of sale. We think this asserted distinction is purely technical and cannot detract from the inescapable conclusion, on the basis of plaintiff's own pleading, that the transaction with the O. K. Motor Company constituted a valid sale despite the withholding of the statement of origin and other evidence of title. This point was covered in the opinion of the Supreme Court in Jeffrey Motor Company v. Higgins, 230 La. 857, 89 So.2d 369, which was cited in the opinion of the Supreme Court in the Flatte case.
In the Jeffrey case, upon the basis of LSA-C.C. Art. 2456, the court held that the original sale was complete when the seller accepted a draft which constituted an agreement as to the object and the price thereof. Upon this basis the court concluded that the original vendor could not recover the automobile from a subsequent bona fide purchaser. To the same effect is the holding in the very recent case of James v. Judice La.App. (3rd Circuit, 1962), 140 So.2d 169.
There is no allegation in plaintiff's petition in the instant case which so much as implies any fraud insofar as either of defendants or the Reed Motor Company is concerned, and it is therefore obvious that both Maxwell, as the purchaser from Reed Motor Company, and United Credit Plan, as Maxwell's mortgagee, are innocent parties.
It is too well established to necessitate citation that where one of two innocent parties must suffer loss through the fraud of another the burden of such loss is imposed upon the one who most contributes thereto (cf. James v. Judice, supra). The effect of plaintiff's allegations inescapably supports the conclusion that by its delivery of the vehicle in question and the acceptance of a check in payment therefor, it completed the necessary formalities of a sale, and, therefore, *807 was solely responsible for laying the basis for the subsequent allegedly fraudulent transactions.
We observe no reason nor authority, either in law or equity, for penalizing the defendants in this suit for a fault exclusively chargeable to the actions of plaintiff.
The judgment appealed from is affirmed at appellant's cost.