[No. 40153.    Department Two.    September 19, 1968.]

ALBERT F. HALL et al., Appellants, v. AMERICAN FRIENDS
SERVICE COMMITTEE, INC., Respondent.*

*Reported in 445 P.2d 616.

*J. D. Searle,* for appellants.

*Arthur G. Barnett* and *Paul W. Robben,* for respondent.

HUNTER, J.—The plaintiffs (appellants), Albert F. Hall and Albinette O. Hall, husband and wife, appeal from a judgment dismissing their suit to recover shares of stock held by the defendant charitable corporation (respondent), American Friends Service Committee, Inc.

This case arises from the following facts. The plaintiff wife's father, Heinrich (also known as Henry) Otto, an immigrant, in addition to owning and operating a poultry farm, had been actively involved in stock investments. The parties' evidence is in dispute as to whether these investments included stock belonging to the plaintiffs. The plaintiff wife maintains that she and her husband furnished sums of money over the period 1943 to 1956 to her father to invest on their behalf in corporate stocks, with the understanding that he could retain the earnings from these investments for his personal expenses. The plaintiffs were not able to provide any record of specific sums furnished or the specific dates on which the moneys were allegedly made available. The plaintiffs testified that toward the end of his life, the father had no means of support and was supported by his children. The defendant introduced evidence which tended to establish that Otto had independent means, as well as evidence which showed that the plaintiffs were seriously in debt during the years 1956 through 1961. The evidence is inconclusive on the issue of whether the plaintiffs furnished moneys to Otto for the purchase of stock.

The plaintiffs presented witnesses who testified that, as former neighbors and family friends, they had heard Otto say on several occasions that he was managing his daughter's stock. The plaintiff wife offered to testify concerning the understanding she and her father had with regard to the stock she and her husband allegedly owned. The trial court refused her testimony on the basis of the "deadman's

statute," RCW 5.60.030. The defendant elicited from the plaintiff wife the admissions that she had failed to list any stocks as community property in an inventory filed in connection with a divorce action she instituted against Alfred Hall in 1951 (the action was ultimately dropped), and that while serving as administratrix of Otto's estate she stated in the preliminary inheritance tax report that the decedent had transferred a material part of "his" stock to the defendant charitable corporation. The defendant also introduced in evidence letters written by Otto to the defendant concerning the stock gift. The court later struck the letters from evidence. In one of them dated December 12, 1961, the decedent stated:

> [T]he shares they are all in safekeeping in Merrill, Lynch, Pierce, Fenner & Smith in Tacoma, Wash. at present in my name. They were for a long time in my daughter's name.

The record shows that Otto had two broker's accounts in his name, No. 781-12823 and No. 325-13029. There was a second account in the name of Mrs. Albinette O. Hall, No. 325-63188, which Otto also managed, pursuant to a power of attorney executed by Mrs. Hall in 1957, which authorized Otto "for my use and benefit to sell, sue for, demand, recover, collect and receive or hypothecate, all securities belonging to me." In October, 1959, all of the stock was sold or transferred out of Mrs. Hall's account, allegedly without her knowledge or consent. The stock or its proceeds, in the form of newly acquired shares of different corporations, then appeared in account No. 325-13029, in the name of Heinrich Otto. (Some of the stock was first transferred to Otto's account No. 781-12823, before being transferred to account No. 325-13029.) From that time on Otto transacted various purchases and sales in the account, until June, 1963, when he donated substantially all of the stock then in the account to the defendant, the American Friends Service Committee, Inc. Otto died on July 13, 1963.

The plaintiffs brought suit on April 27, 1966, alleging that the defendant had wrongfully taken possession of stock

belonging to them and had refused to deliver the stock upon demand. The complaint prayed for the recovery of the shares and for judgment for the stock's earnings while in the defendant's possession. The defendant answered, admitting it had possession of the stock but denying that the stock belonged to the plaintiffs. The defendant specifically alleged that it had received the stock as a gift from Heinrich Otto, who "was the owner and registered owner of the shares of stock pleaded in the plaintiff's complaint." During the trial the defendant asked and received leave to amend its pleadings to raise the defenses of laches and the statute of limitations. The case was tried to the court, which entered judgment dismissing the plaintiff's suit. The trial court's single finding of fact was as follows:

I.

The court finds that Heinrich Otto, also known as Henry Otto, was the record owner of securities transferred by him to the American Friends Service Committee, the defendant herein, on or about May 21, 1963, said securities being as follows:

1,000 shares, Rusco Ind.
440 shares, common stock, American Bakeries Co.
40 shares, Series A, preferred stock, Chicago,
St. Paul, Milwaukee & Pacific R.R.Co.

The court entered the conclusion of law that

The plaintiffs have failed to establish by a preponderance of the evidence that they were the owners of the securities transferred by Heinrich Otto . . . to . . . the defendant.

The plaintiffs appeal from the judgment of dismissal.

The first assignment of error, which we deem dispositive, is to the trial court's finding of fact and conclusion of law. The plaintiffs argue, in effect, that the trial court's finding does not support its conclusion of law. They point out that they are asserting a prior claim of ownership to the shares in the defendant's hands and that this claim is not necessarily founded on record title; but rather primarily on equitable considerations. Their contention is that a finding as to

the validity of Otto's record ownership is immaterial to the validity of their claim. We agree with this contention.

■ Record title is presumptive ownership only, and if a sufficient showing is made that the record owner is in fact an agent holding the shares in his own name for the use and benefit of another, then the law will recognize the title of the principal.

■ The Halls need not have furnished the money to buy the stocks in account No. 325-63188 in order to make a prima facie showing of ownership. As long as the stocks were actually originally in Mrs. Hall's name, the Uniform Stock Transfer Act, RCW 23.80.210 (now repealed by the new Uniform Commercial Code, but applicable to this case) supplies the presumption that she was the legal owner.

The trial judge, in his oral opinion, indicated that he was bottoming his decision on the plaintiff's failure to prove by a preponderance of the evidence that they had paid for the stock held in account No. 325-63188. This was error. The plaintiffs had to do no more than make a prima facie showing of title, after which the burden shifted to the defendant to rebut this showing. The plaintiffs' evidence and allegations that (1) the stock in account No. 325-63188 was in Mrs. Hall's name and (2) the plaintiffs were the beneficial owners of the stock, are not directly controverted by the defendant's evidence. Having made this showing, the plaintiffs need not also prove by a preponderance of the evidence that they paid for the stock unless the defendant first comes forward with facts to rebut the plaintiffs' prima facie showing of title. The oral opinion indicates that the trial court misplaced the burden of proof in this case.

The trial court did not make findings on the questions of (1) whether the stock in account No. 325-63188 was actually registered in Mrs. Hall's name, and (2) what proportion of the shares once held in Mrs. Hall's name, if any, can be traced to the shares now held by the defendant. These are issues essential to the disposition of this case, which the trier of fact must resolve.

The defendant argues, however, that the evidence and

the presumption supplied by the Uniform Stock Transfer Act, RCW 23.80.210, *supra*, sustain the trial court's conclusion that the plaintiffs had not shown that they owned the shares donated to the defendant by Otto.

■ We emphasize that the crux of this case is not the question of whether Otto had record title to the shares he transferred. Rather, based on the plaintiffs' showing that Mrs. Hall had an account in her name, the question is, assuming the defendant's stock or a portion of it can be traced to stock in Mrs. Hall's account, whether Otto had the authority to make the transfer. The plaintiffs testified that Otto was their agent, and this testimony is corroborated by the power of attorney. They further testified they had no knowledge of and had not consented to the transfer. While the trial court was at liberty to disbelieve the plaintiffs' evidence on this issue, it was not free to dispose of the case without also making a finding on this point. We conclude that the finding made by the trial court is insufficient to support its conclusion of law and judgment, and the case must be reversed. *Clark v. Fowler,* 58 Wn.2d 435, 363 P.2d 812 (1961).

■ The plaintiffs secondly assign error to the trial court's refusal to permit Mrs. Hall to testify concerning the agreement she and her father had about the stock held in her name. They argue that the bar of the deadman's statute, RCW 5.60.030, was waived by the defendant when it took Mrs. Hall's deposition for the purpose of discovery prior to trial. Although the deposition had not been published, the plaintiffs' attorney requested the trial court to authorize publication at the time the defendant raised the statute by objection. The request was refused. The plaintiffs' attorney also represented at that time that the deposition touched upon matters barred by the statute. It is settled that taking a party's deposition concerning matters barred under the statute waives the bar as to the particular transactions opened up by the deposition. See *Miller v. O'Brien,* 17 Wn.2d 753, 137 P.2d 525 (1943); *Carter v. Curlew Creamery Co.,* 16 Wn.2d 476, 134 P.2d 66 (1943);

*American Fruit Growers, Inc. v. Calvert,* 186 Wash. 29, 56 P.2d 1307 (1936).

The trial court therefore erred in refusing to permit publication of the deposition, subject, of course, to all applicable objections, and in refusing to permit Mrs. Hall to testify as to matters touched upon in the deposition. Upon publication the court can determine to what extent there has been a waiver by examining the testimony in the deposition.

■ The defendant contends, however, that the plaintiffs' claim is barred by laches. There is no merit in this contention. The time between Otto's gift of the property in question here and the commencement of suit was only 3 years. Moreover, the defendant has not shown how it has been prejudiced by this lapse of time. Under these circumstances, laches has not been established. See *Stewart v. Johnston,* 30 Wn.2d 925, 195 P.2d 119 (1948); *Edison Oyster Co. v. Pioneer Oyster Co.,* 22 Wn.2d 616, 157 P.2d 302 (1945).

■ The defendant also contends that the trial court erred in excluding the letters written to it by the decedent. It is argued that these letters were admissible, notwithstanding the hearsay rule, under either the "owner in possession" theory (see *Rogers v. Joughin,* 152 Wash. 448, 277 Pac. 988 (1929)) or the more general principle announced in *Raborn v. Hayton,* 34 Wn.2d 105, 208 P.2d 133 (1949), where we said at 108:

> Exception is made to the rule excluding hearsay when the state of mind or intention of a person is in question, if the court finds that two circumstances concur: (1) if there is some degree of necessity to use out-of-court, uncrossexamined declarations, and (2) if there is circumstantial probability of the trustworthiness of the out-of-court, uncrossexamined declarations.

We agree. The letters, to the extent that they are relevant to issues in the case, are admissible under either or both of the theories relied upon by the defendant, and it was error to exclude them.

The judgment is reversed, and the cause is remanded for further proceedings, including the taking of additional test-

imony on the issues in this cause, consistent with the views expressed herein.

Costs will abide the final determination of the cause.

FINLEY, C. J., WEAVER and McGOVERN, JJ., and WILLIAMS, J. Pro Tem., concur.