SWIFT, Judge.
The plaintiff, Certified Finance Company of New Orleans, Inc., filed this suit against the defendant, William Jenkins and his wife, Gloria Jenkins, endeavoring to recover the sum of $952.55, together with interest, attorney’s fees and costs, which it alleges is owed on a past due note.
The defendants answered and denied liability, alleging that the signatures on the note which appear to be theirs are forgeries. They prayed for dismissal of the plaintiff’s suit at its cost.
Following a trial on the merits, judgment was rendered in favor of the plaintiff as prayed for, subject to a credit of $72.00 which was paid on the note after suit was filed. The defendants have prosecuted this appeal.
The record discloses that on December 27, 1968, Southern Interiors, a furniture dealer, gave to Lennell Jenkins, the daughter of Gloria Jenkins and step-daughter of William Jenkins, a promissory note in the form of Certified Finance Company of New Orleans, Inc., for the purpose of having her mother and step-father cosign it in order for her to purchase furniture from Southern Interiors. Miss Jenkins took the note to her mother and contacted William Jenkins by phone requesting that they sign it by 12:00 noon on December 27th, which was the deadline given to her by the furnture store. However, the defendants did not sign the note. Lennell Jenkins forged their names thereon and returned it to Southern Interiors, which delivered the furniture to her residence that *894 afternoon and transferred the note to Certified Finance Company, Inc.
Mr. Herman Zion, an employee of the plaintiff, testified he verified receipt of the furniture with Gloria Jenkins by telephoning her at her home.[1] He admitted that neither he nor anyone in his company had actual, personal knowledge of who had signed the note.
William Jenkins testified that on December 27, 1968, he was working for Jones and Laughlin Steel Corporation, and that he did not sign the note in question. Furthermore, he knew nothing about his daughter’s signing it until the finance company telephoned his home to inform the defendants the note had not been paid. He denied his wife’s signature was on the note and explained that she was not in court to testify because of a mental or nervous condition which caused convulsions. He did not know whether his wife had verified the receipt of the furniture.
Lennell Jenkins testified she signed the names of her mother and step-father on the paper given to her by Southern Interiors without their permission to do so. It was signed in the presence of her mother apparently without any objection. However, Miss Jenkins stated her mother remarked at the time that she did not know what she was to sign and she was “not going to sign it.” Lennell Jenkins corroborated her step-father’s testimony that her mother was suffering with a nervous condition which had resulted in her mental and physical incapacity. She further testified that although Mr. Jenkins had refused to sign the note, he later lent her money to pay the finance company when it pressed her for payments. Miss Jenkins also said that when plaintiff’s representative telephoned her mother’s home to verify recept of the furniture, she had answered the phone and admitted she had received it.
Our analysis of the record convinces us that the signatures of the defendants were forged without their consent, by Lennell Jenkins, and that the plaintiff has failed to establish a subsequent ratification thereof by either of the defendants so as to preclude their affirmative defense of forgery.[2]
With regard to plaintiff’s contention that the loss resulting from the fraud of Lennell Jenkins should be imposed upon defendants because they contributed thereto, we must point out that Southern Interiors had the opportunity to protect itself from loss due to forgery by requiring the parties to sign in the presence of one of its agents or employees. Certified Finance Company of New Orleans, Inc., purchased notes from it on previous occasions and had the opportunity to become familiar with the business practices of Southern Interiors. It could have required that certain precautions be taken as prerequisite to their doing business. Although the plaintiff and defendants are all innocent parties, the plaintiff could have protected itself, and the loss occasioned by its failure to do so must be borne by it.[3]
For the foregoing reasons the judgment of the lower court is hereby reversed. Judgment is rendered dismissing the plaintiff’s suit at its cost. The plaintiff is to pay all costs of this appeal.
Reversed and rendered.

. Gloria Jenkins resided at 3321 Audubon Court and her daughter resided at 3264 Bloomdale Court, the address to which the furniture was delivered.

. La.R.S. 7:23.

. Trumbull Chevrolet Sales Company v. Maxwell, La.App., 142 So.2d 805 (1962); James v. Judice, La.App., 140 So.2d 169 (1962).