318 So.2d 436 (1975)
Betty RICE, Appellant,
v.
MERCY HOSPITAL CORP., a Florida Non-Profit Corporation, Appellee.
Betty RICE, Appellant,
v.
P.S. JARRETT and Estate of Dr. J.L. Anderson, Appellees.
Nos. 74-852, 74-853.
District Court of Appeal of Florida, Third District.
July 29, 1975.
Rehearing Denied September 11, 1975.
*437 Pettigrew & Bailey, Miami, for appellant.
Dixon, Dixon, Lane & Mitchell and Thomas L. Hurst, Adams, George, Wood, Lee & Schulte, Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is the consolidation of two appeals by the plaintiff, Betty Rice from final judgments entered by the trial court pursuant to jury verdicts in favor of defendants, Mercy Hospital Corp., and Drs. Jarrett & Anderson, as to false imprisonment and from an adverse directed verdict on the issue of assault and battery.
In June of 1970, Betty Rice, a widow, was accompanied by her niece to Mercy Hospital where she voluntarily admitted herself to the psychiatric ward. Mrs. Rice had a history of prior mental illness and she had received shock treatments in the past. Dr. Anderson, now deceased, had been her psychiatrist for several years prior to 1970. Dr. Jarrett was Dr. Anderson's partner. Immediately, and on several occasions subsequent to her admission to the psychiatric ward, Mrs. Rice verbally requested to be released. Such requests appear in the record in the nurse's report and in Dr. Jarrett's notes, both of which were admitted as exhibits. Electro-shock treatments were administered to Mrs. Rice pursuant to her written consent which she contends was given to Dr. Jarrett under his coercion. After twenty-two days, Mrs. Rice was released from the psychiatric ward, whereupon she filed suit against the hospital and the two doctors for assault and battery, false imprisonment, negligence and breach of contract. The trial court entered summary final judgment in favor of the hospital, but this court reversed that judgment, finding that there were genuine issues of material fact precluding summary judgment. Rice v. Mercy Hospital Corporation, Fla.App. 1973, 275 So.2d 566. The cause then proceeded to a jury trial on the issues of false imprisonment and assault and battery, resulting in a directed verdict in favor of all defendants as to assault and battery, and jury verdicts in favor of the hospital and in favor of the doctors on the issue of false imprisonment. The court entered final judgments accordingly.
As her first point on appeal, the plaintiff contends that the trial court erred in directing a verdict against her on assault and battery for the electro-shock treatments administered to her. As an appeal from a directed verdict, we must determine whether there was any evidence upon which a jury could lawfully have found for the plaintiff. Myers v. Atlantic Coast Line Railroad Company, Fla. 1959, 112 So.2d 263. In determining whether there was evidence to avoid a directed verdict, all facts adduced by the plaintiff must be taken as true, and plaintiff is to be given the benefit of all reasonable inferences. Teare v. Local Union No. 295 of the United *438 Association of Journeymen and Apprentices of the Plumbers and Pipe Fitters Industry of the United States and Canada, Fla. 1957, 98 So.2d 79. We find that under the facts and the evidence presented in this case, the trial court was correct in directing a verdict in favor of all of the defendants on this count.
The second point on appeal is that the court erred in its charge to the jury as to false imprisonment. The applicable statute in force at the time of the subject incident was § 394.20, Fla. Stat.,[1] which states in pertinent part as follows:
"F.S. § 394.20 Hospitalization of the mentally ill; voluntary.
* * * * * *
(3) Right To Release On Application. 
(a) A voluntary patient who requests his release or whose release is requested in writing by his legal guardian, parent, spouse, or adult next of kin, shall be released forthwith, except that
* * * * * *
1....
2....
3. If the head of the hospital, within the hours of the ensuing business day, from the receipt of the request, files in the office of the county judge in the county where such patient is situate certification that in his opinion the release of the patient would be unsafe for the patient or others, release may be postponed for as long as the county judge determines to be necessary for the commencement of proceedings for judicial hospitalization, but in no event for more than five days."
After charging the jury on the statute, the court added
"... whether or not a voluntary patient has made a request for his release in accordance with the statute I have just referred to, it is to be determined by you in accordance with the standards of medical and hospital practice prevailing in this and similar communities at the time in question."
In our opinion, a statute such as this, which is so closely associated with the denial of personal liberties, must be strictly construed without regard to prevailing practice. However, it is clear from the transcript of the charge conference that counsel for the plaintiff agreed to the application of some standard to the interpretation of the statute in the court's charge to the jury. Plaintiff's counsel requested that the reasonable man standard be applied and defense counsel recommended that standard actually applied by the court. Although we do not concede that any interpretation or standard need be applied to this statute in charging the jury, we are of the opinion that under the circumstances, the charge given by the court was appropriate. For this reason, if there is error, it is only harmless error and cannot be the basis of reversal.
Therefore, the final judgments and the directed verdict are affirmed.
NOTES
[1] § 394.20, Fla. Stat., has been revised and renumbered. It is now § 394.465, Fla. Stat.