## RUSSELL v. AVIS RENT A CAR SYSTEMS, Inc.
### No. 76-2216-SP.
County Court, Palm Beach County.

September 21, 1976.

Robert G. Merkel of Adams, Sullivan, Coogler & Watson, West Palm Beach, for the plaintiff.

Roy W. Jordan, West Palm Beach, for the defendant.

DANIEL T. K. HURLEY, County Court Judge.

This cause which concerns a collision between plaintiff's vehicle and a second vehicle which was allegedly owned and leased to the driver by the defendant corporation, came on for trial before the court. At the conclusion of plaintiff's case, defendant, pursuant to Rule 1.480 moved for a directed verdict. Defendant based its motion on the contention that plaintiff had failed to adduce competent evidence establishing the ownership of the second vehicle or the fact of defendant's consent to the utilization of the second vehicle by the driver involved in the collision. The court granted defendant's motion.

On July 12, 1976, plaintiff timely filed a motion for new trial pursuant to Rule 1.530. While setting forth various grounds, the plaintiff primarily urged that the court erred in sustaining the defendant's objection to certain testimony and granting a motion to strike that testimony. The testimony in question was given by

Stuart A. Russell, the plaintiff, who testified that upon arriving at the site of the collision, he approached the driver of the other vehicle and requested his license and registration. Mr. Russell further testified that the driver identified himself as one James Meade, indicated that he was from out of state, and that he had rented the car from Avis. Mr. Russell additionally testified that Mr. Meade exhibited various documents to substantiate these facts. Defendant objected to this portion of Mr. Rusell's testimony on the ground of hearsay and moved that it be stricken. The court sustained the objection and granted the motion to strike.

At the hearing on the motion for new trial, plaintiff argued that the above action of the trial court was erroneous in view of Rule 173, Declarations of Persons in Possession of Property, in Gard, Florida Evidence (5th ed. 1967), which states —

> "The declarations of the person in possession of property, whether real or personal, made with respect to the nature of the possession or ownership of, or right in, said property, are admissible as *res gestae* statements, even though self-serving."

Plaintiff contended that under the above rule, Mr. Russell's testimoney was properly admissible and that, if in considering the motion for directed verdict, the court had evaluated this portion of Mr. Russell's testimony together with the other evidence in the case, and had given the plaintiff every reasonable intendment deducible from the evidence, the plaintiff's case would have been sufficient to withstand defendant's motion for directed verdict.

The initial question is whether Mr. Russell's testimony was admissible. Upon reflection I believe it was. In *Herrera v. Gibbs,* 499 S.W. 2d 912 (Tex. Civ. App. 1973), a suit to recover damages for conversion of two trucks, the court dealt with a similar question. There the plaintiff testified as to a conversation that he had with one Van Huss, the former owner of the trucks. In upholding the admissibility of the conversation by the plaintiff, the court said:

> "Insofar as it relates to what Mr. Van Huss said, it did qualify as an exception to the hearsay rule, which permits declarations of a person made while in possession of the property, to explain the nature and character of his interest in the property."

See also *Nagel v. Kübler,* 212 S.W. 2d 1009 (Tex. Civ. App. 1948); *Monti v. Granite Savings Bank & Trust Co.,* 333 A. 2d 106 (Sup. Ct. 1975); *Harrison v. Speer,* 114 So. 515 (Fla. 1927);

*Hall v. American Friends Service Committee, Inc.* 445 P. 2d 616 (Wash. Sup. Ct. 1968); and *Jones on Evidence*, 6th ed., §10:9.

Had the trial court considered Mr. Russell's testimony together with the other evidence presented during the plaintiff's case, defendant's motion for directed verdict unquestionably would have been denied. *Rice v. Mercy Hospital Corp.*, 318 So. 2d 436 (Fla. 3rd DCA 1975); *McDaniel v. Great Atlantic and Pacific Tea Co., Inc.*, 237 So. 2d 893 (Fla. 3rd DCA 1976).

Accordingly, it is ordered and adjudged that plaintiff's motion for new trial is granted, and it is further ordered and adjudged that this cause shall be reset for final hearing on November 29, 1976 at 3 p.m. in Room 423 of the Palm Beach County Courthouse.