WICKER, Judge.
This appeal arises from a suit filed on behalf of Willard E. Robertson Porsche-Audi, Inc.[1] (Robertson), plaintiff/appellant, against defendants/appellees, General Electric Credit Auto Lease, Inc. (General Electric),[2] Creative Credit Services, Inc. (Creative), Pontchartrain Leasing Co. Inc. (Pontchartrain), John B. Donnes (Donnes), and ABC Corporation. Robertson seeks to recover $46,057.27, attorney’s fees and costs in payment for two automobiles it alleges it sold to General Electric. Checks for payment were made by Donnes. The checks were returned as having “insufficient funds”. Robertson asserts Donnes was acting as agent for the defendants/ap-pellees. General Electric filed a reconven-tional demand against Robertson seeking tender of the titles to the automobiles. The trial judge granted judgment in favor of General Electric and Creative, dismissing Robertson’s demand. It further granted judgment in favor of General Electric and Creative and against Robertson on the reconventional demand, ordering tender of the titles. Additionally, the court recognized a stipulation of judgment in favor of Robertson and against Donnes and Pontchartrain. Robertson appeals the adverse judgment; General Electric and/or Creative have answered the appeal seeking costs. We affirm.
On December 23rd and December 31st, 1985, Pontchartrain, through its President, Donnes, leased two vehicles to Joseph T. Michelli and Ernest E. Yirges. The vehicles were a Porsche and an Audi. Donnes gave Robertson, the seller, two checks for the vehicles. The.named purchaser on the documents was Creative.
Donnes’s checks were returned by the bank due to insufficient funds. General Electric, however, paid Donnes for the two vehicles. Prior to paying Donnes, General Electric contacted Robertson to determine whether Robertson had received payment. After learning Robertson received payment, General Electric paid Donnes. Robertson refused to transfer title to General Electric.
General Electric and Donnes entered into a lease plan agreement on April 28, 1982. The agreement stated in provision 5(d) that Donnes “shall not represent that [he] is the agent of GECAL [General Electric].”
*517 Robertson alleges Donnes was an agent for General Electric and therefore General Electric is ultimately responsible for the cost of the cars. Alternatively, Robertson asserts Donnes was an implied agent or an agent with apparent authority from General Electric. Robertson seeks to recover the costs of the automobiles from General Electric. General Electric seeks title for the vehicles from Robertson.
The trial court granted judgment in favor of General Electric against Robertson, ordering the tender of the titles. However, it denied recovery to Robertson for the costs of the vehicles from General Electric.
Robertson now appeals. General Electric has answered the appeal seeking costs. Robertson specifies the following errors:
1. The trial court erred in failing to conclude an agency relationship existed between Donnes and/or Pontchartrain and General Electric and Creative;
2. The trial judge erred in determining that Donnes and/or Pontchartrain lacked implied or apparent authority to act for General Electric and Creative relative to the subject sales;
3. The trial court erred in failing to determine that General Electric and Creative ratified the actions of Donnes and Pontchartrain relative to the sales;
4. The trial judge erred in concluding Robertson was negligent, thereby contributing to its loss, and
5. The trial court’s judgment is a clear abuse of discretion and manifestly erroneous.
Robertson does not seek a reversal of the judgment relative to General Electric and/or Creative’s reconventional demand wherein the court ordered tender of title of the vehicles to appellees.
The testimony at trial set forth the following: Donnes was doing business with General Electric in 1985. He explained he was a “broker-lessee” and that he used General Electric as a credit approval source for his leasing deals. He denied ever purchasing automobiles personally from Robertson. He purchased an automobile in the name of the entity which would ultimately lease the car.
Donnes could only purchase the two automobiles in the name of General Electric. General Electric instructed him to only purchase the automobiles in its name so as to avoid two taxable sales events. Donnes was further instructed by General Electric to use General Electric’s sales tax exemption number. Therefore, General Electric’s number, was on the sales tax document rather than Donnes’s. A bulletin from General Electric dated November 4, 1985 was introduced in evidence. It sets forth the requirement that titling, registration, and sales tax exemption reflect the name of Creative Credit.[3] Creative Credit’s tax exemption number for the State is given. Attached to the bulletin is a form entitled “State of Louisiana, Department of Revenue and Taxation/Department of Public Safety, Certificate of Sales Tax Exemption for use by qualified vehicle lessors, Act 415 of 1982”. The bulletin explains, “The Louisiana Certificate of Sales Tax Exemption form is attached and may be photocopied to use when titling each vehicle.”
The form concludes with the following statement, “The purchaser, therefore, certifies that he is entitled to and hereby claims exemption from the payment of the state sales/use tax on this vehicle, as provided by Act 415 of the 1982 regular session of the Louisiana legislature.” Below this statement is a line for the dealer (in this instance Creative Credit), its address, and a signature line for “authorized signature”.
Donnes complied with the instructions in the bulletin and completed the document by signing his name as the authorized signature with the word “agent”.
The trial judge concluded there was no agency relationship between Donnes and General Electric. He relied heavily on the lease plan agreement executed in 1982 between General Electric and Donnes wherein Donnes was precluded from representing himself to be an agent of General Electric. We disagree that the lease plan *518 agreement is dispositive of the issue of whether an actual agency relationship existed.
La. C.C. art. 2996 provides in pertinent part:
If it be necessary to alienate or give a mortgage, or do any other act of ownership, the power [of mandate] must be express.
La. C.C. art. 2997 explains in part:
Thus the power must be expressed for the following purposes:
To sell or to buy.
sfc * * * * *
The property or the location of the property may not be specifically described in any act of mandate required by this Article.
La. C.C. art. 2992 lists the methods of conferring mandate as follows:
A power of attorney may be given, either by a public act or by a writing under private signature, even by a letter.
It may also be given verbally, but of this testimonial proof is admitted only conformably to the title: Of Conventional Obligations.
The only contact General Electric had with Robertson relative to the two sales was telephone contact to confirm payment for the cars. It was Donnes who entered into the agreement to purchase the cars with Robertson and not General Electric. Donnes purchased the cars in General Electric’s name. General Electric also insisted that Donnes sign as its authorized representative for the purpose of claiming the tax exemption status. We conclude Donnes had express authority from General Electric to purchase the vehicles. La. C.C. arts. 2996, 2997 and 2992. Although we find manifest error in the trial court’s failure to determine a direct agency relationship existed; nevertheless, we agree with the result reached.
There is ample evidence to support the trial court’s conclusion that Robertson contributed to the losses it sustained. Robertson’s employees verified to General Electric they had received payment from Donnes. These witnesses also testified there was a customary arrangement to hold Donnes’s checks because they knew the checks would not be good until Donnes received payment from the credit approval company. General Electric had no knowledge of this arrangement between Donnes and Robertson. It further had no reason to suspect Donnes’s checks lacked sufficient funds.
In Trumbull Chevrolet Sales Company v. Maxwell, 142 So.2d 805, 806 (La.App. 2nd Cir.1962) the court held:
It is too well established to necessitate citation that where one of two innocent parties must suffer loss through the fraud of another the burden of such loss is imposed upon the one who contributes thereto.
See also James R. Rood v. Pacific Indemnity Company, 140 So.2d 162 (La.App. 4th Cir.1962).
In his reasons for judgment the trial judge stated:
[t]he court feels that Willard E. Robertson Porsche-Audi was more at fault than [General Electric] and that [General Electric] should not have to pay for these automobiles twice under the circumstances of this case.
We agree.
Finally, General Electric has answered the appeal seeking costs. The judgment is silent as to costs. We recently held:
In regard to costs La. Code Civ.Pro. art. 1920, is controlling. That article states that “unless the judgment provides otherwise, costs shall be paid by the party cast ...” (emphasis added). Thus, where a judgment is silent as to costs as in the present case, they shall be paid by the parties cast in judgment, and we so rule.
Lewis v. Macke Building Services, Inc., 524 So.2d 16 (La.App. 5th Cir.1988) at 23.
For the reasons stated, the judgment appealed is affirmed.
AFFIRMED.

. By supplemental and amending petition filed October 29, 1987 the name on the petition was changed to Willard E. Robertson Imports, Inc. to reflect its recent name change.

. General Electric changed its name to Creative. Throughout the opinion a reference to either General Electric or Creative refers to the same entity.

. See note 2 infra.